L. F. WHITEHEAD, Exr., *v*. WM. H. WOOTEN, Admr., et al.

1. CHANCERY PRACTICE—APPOINTMENT OF A RECEIVER.—To justify the appointment of a receiver before the merit of the cause are disclosed—as before answer filed, or *pro confesso* taken—there must be strong special reasons laid; as, where the defendant has withdrawn himself from the jurisdiction of the court to avoid service of its process, or is guilty of fraud endangering the property, or, in case of a suit to foreclose a mortgage, the mortgaged premises are a slender and scanty security, entitling the mortgagee to collect and appropriate the rents, and other like cases.

2. MORTGAGOR AND MORTGAGEE—RENTS—RECEIVER.—A mortgagee is not entitled, after default, to the rents and income of the mortgaged premises, nor to a receiver to get them in, unless he contracted for them, or, unless the mortgaged property be insufficient to meet the debt.

3. APPOINTMENT OF A RECEIVER—NOTICE OF MOTION.—To give the chancery court jurisdiction of a motion for the appointment of a receiver, it is indispensible that notice of such motion shall be served on the parties to be affected thereby.   Rev. Code, p. 552, art. 74.

Appeal from the chancery court of Coahoma county. SHACKLEFORD, J.

Appellant as executor of E. D. Whitehead, deceased, filed in the chancery court of Coahoma county, his bill of complaint, seeking to enforce the vendors lien on certain lands sold by him as executor, and praying for the appointment of a receiver.   Motion for the appointment was made before answer filed, and without proper notice to some of the defendants in the suit.   The motion was denied, and the complainant brought the case to this court by appeal.

No counsel for appellants.

*Johnston & Johnston*, for the appellees.

The only question presented by the record, is whether or

not the court below erred in refusing the application made by appellants for a receiver.

The motion in this cause was made before answer filed. The rule by which receivers are appointed before the defendants answer is thus stated : "Although a receiver may be appointed at any time during the progress of a cause, yet it is not usual to appoint one before answer, unless fraud is clearly proved by affidavit, or where imminent danger would ensue if the property were not taken under the care of the court." Edwards on Receivers, p. 10 ; Vaughn v. Bennett, 2 Brown's Ch. R., 157. It must however, be a strong special ground to induce the court to interfere before an answer. Edwards on Receivers, pp. 64–70; Lloyd v. Passingbeam, 16 Ves., 59. See also, Middleton v. Dodswell, 13, Ves., 266 ; Scott v. Beecher, 4 Price, 346 ; Bloodgood v. Clark, 4 Paige's C. R., 574.

We contend in the next place, that proper notice of the application for a receiver was not given to the parties intended and entitled to notice ; in fact, no notice was given to them. This we insist is decisive of the whole case, and shows beyond all question, that the motion was properly overruled. A motion for a receiver is special, and notice must be given to all necessary and intended parties. Edwards on Receivers, p. 65 ; 2 Brown's Chan. Prac., 833, and other cases cited by Edwards.

Notice must be served upon the party to be affected. Edwards on Rec., p. 17. "The ground for refusing the appointment of a receiver, before a party has been served with process, is that the court has no jurisdiction to deprive a man who is not present to defend himself, of the possession of his estate." Edwards on Receivers, p. 17 ; 2 Russ. Ch. R., 157. Notice is required by the laws of this state. Rev. Code, p. 552. The interested parties in this cause, entitled to notice, are the following, all of whom are purchasers holding legal titles, and in possession: Mrs. Margaret J. Handsborough, Wm. H. Wooten, George W. Parks, and W. T. Parks. The notice for Geo. W. and W. T. Parks, of the application to

be made on October 29, 1869, was served upon one J. R. Chalmers. No such person as J. R. Chalmers is mentioned anywhere in the record. George W. and W. T. Parks had never entered their appearance in the cause, and, therefore, had no solicitor of record. W. H. Wooten had filed a general demurrer to the bill on the 20th of April, 1868, by his solicitors of record, Rucks & Reid. The return of service of notice is in these words: "Executed by reading the within notice to J. R. Chalmers, and by delivering a true copy of the same to him."

With nothing in the record to show any connection between Chalmers and these defendants, how can it be said that this is a good service as to them? This court cannot know or presume that Chalmers was their solicitor. The Parks had no solicitor of record, and it is clearly shown by the record that Wooten's solicitors were Rucks & Reid. These parties were not, therefore, before the court in this application for receiver, and the court having no jurisdiction of the question in the absence of all notice to them, very properly refused the application.

SIMRALL, J.:

S. F. Whitehead, as executor of E. D. Whitehead, deceased, under the license and decree of the probate court of Coahoma county, on the 8th of October, A. D. 1860, sold and conveyed to Richard Wooten, on a credit of one and two years, a tract of land which belonged to his testator, for the sum of $26,400. Bonds and personal security were taken for the installments, and the statutory lien expressly retained on the land. In March, 1861, Richard Wooten sold and conveyed a part of the land to George W. Parks and brother (who were sureties on his bonds), for the price of $13,200, on one and two years' credit. The notes representing the installments, were to be credited on the bonds of Wooten to Whitehead, executor; they were assigned to Whitehead for that purpose, but were not to be in absolute satisfaction *pro tanto* of the debt to him as executor.

Richard Wooten sold a half interest in the land to his son, William H. Wooten, who sold, for the sum of $6,200, to Margaret J. Hansborough, and took a mortgage on the same and other property, to secure the payment. A bill is pending in the chancery court of Coahoma county, to foreclose this mortgage, to which Whitehead, executor, is defendant. This bill admits Whitehead's lien on all the land, but seeks to compel Whitehead, executor, to exhaust the other land before touching that covered by this mortgage. The lands are supposed so to have depreciated in value, as not to be worth enough to pay the debt to Whitehead, executor. The sureties of Richard Wooten, on his bonds for the purchase money, are insolvent. The bill of complainant Whitehead, executor, prays for a receiver, and a foreclosure of his statutory lien.

The appointment of a receiver is a peremptory remedial measure. Its effect is to deprive the defendant in possession, temporarily at least, of his property, before final decree, settling the rights of parties litigant. If the application is made before the merits of the cause are disclosed, as before a *pro confesso*, or answer filed, there must be strong grounds laid. As in the case of Dowling v. Hudson, 14 Bearin, 423 ; and Sandford v. Sinclair, 8 Paige Rep., 373, when the defendant had withdrawn himself from the jurisdiction, for the very purpose of avoiding service of process, or the measure is taken to save the property from waste, or prevent its removal beyond the jurisdiction of the court. There must be strong and special reasons for the appointment before answer—Middleton v. Dodswell, 13 Ves., 266—as on proof of fraud, by affidavits, or immediate danger to the property, unless at once taken in charge by the court. Vann v. Barnett, 2 Broom, Chcy., chap. 157.

As against a mortgagee, where the entire debt is due, it was said in the case of Bank of Ogdensburg v. Arnold, 5 Paige, 40, that a receiver might be appointed to collect the rents of the mortgaged premises at any time after filing the bill, if the property is not of sufficient value to pay the mortgage debt. Unless the mortgagee has contracted that he shall have

the rents and income after default made, he is not entitled to them, or to a receiver to get them in, except in case of the insufficiency of the property to meet the debt.

Notice of the motion for receiver must be served on the parties who are to be affected by it. Edwards on Rec., p. 17. It cannot well be seen how the court can take from a defendant the possession of property unless it has jurisdiction by service of process, and also by notice of motion.

The parties defendant who would be affected by the appointment of a receiver are Mrs. Margaret J. Handsborough, Geo. W. and W. T. Parks, and W. H. Wooten, and the heirs and devisees of Richard Wooten. Geo. W. and W. T. Parks are vendees of part of the land—Mrs. Handsborough, of the half interest of the residue, bought by W. H. Wooten from his father, and the heirs and devisees of the testator own the remainder. On the 16th of October, 1869, a notice of this application was directed to W. H. Wooten, personally, and as administrator of Richard Wooten, deceased, Geo. W. and W. T. Parks, et al., or to Messrs. Chalmers & Reid, their attorneys of record, which was served on J. R. Chalmers.

A demurrer to the original bill was filed by Messrs. Rucks & Reid, solicitors for W. H. Wooten. As to the other defendants, no appearance was made, nor is there anything in the record showing that they were represented by solicitors, or had constituted any one attorney to represent and defend their interest in the suit. It follows, then, that the parties in interest had no notice of application for the receiver. Such notice is required by statute. Rev. Code, art. 74, p. 552. The appellant has not appeared in this court by counsel and indicated the errors complained of.

Let the decree of the chancellor be affirmed.