SUSAN R. PHILLIPS VS. W. T. EILAND et al.

1. MORTGAGE: *Foreclosure. Receiver.*
A mortgagee who files a bill to foreclose, and prays for a receiver of rents *pendente lite*, is entitled to the receiver when the mortgaged property is insufficient to pay the debt and the mortgagor is insolvent. The principle is the same where the vendor of lands by title bond files his bill for specific performance.

APPEAL from the Chancery Court of *Noxubee* County.
Hon. J. J. DENNIS, Chancellor.

The bill alleges that Mrs. Phillips sold the land to Eiland for part cash, and his note on long time for the residue. The note matured, default was made, a deed was tendered, and payment refused. The bill seeks a specific performance; alleges that the land is insufficient to pay the debt, and that

46

the vendee is personally insolvent, and prays for a receiver to take and receive the rents and profits *pendente lite*. The complainant moved the court for the appointment of a receiver, made the proof to sustain the bill, and the court overruled the motion. The complainant appealed, and assigns for error the overruling of the motion.

*Foote & Foote* and *Thomas Christian*, for appellant:

Filed a brief and written argument, citing 2 Story on Eq., §§ 829, 831; Daniell's Ch. Pr., 1733, 1734; 5 Paige, Ch., 39–42; 43 Miss., 526; 46 ib., 120; 11 Paige, Ch., 437; 48 Miss., 372; 4 S. & M., 294.

[Reporters find no brief on file for appellees.]

CHALMERS, J., delivered the opinion of the court.

It has been repeatedly held that a mortgagee who files his bill for a foreclosure, accompanied by a prayer for the appointment of a receiver of the rents and profits *pendente lite*, is entitled to have such appointment made where he shows that the mortgaged property is insufficient to pay the debt and the mortgagor is personally insolvent.

We see no reason why the principle should not be the same, under a similar showing, where a vendor of land by title bond files his bill for specific performance. In such case the legal title is retained for the protection of the unpaid purchase money, and it has been likened to the execution of a deed and the taking of a mortgage back. Turner *v.* Hicks, 4 S. & M., 294.

The showing in the case at bar was abundant, and the receiver should have been appointed.

Decree reversed and cause remanded.