SCHREIBER vs. CAREY, imp.

*December 17, 1879 — January 7, 1880.*

*Foreclosure of mortgage: Appointment of a receiver.*

1. Although, by the laws of this state, the mortgagor of land holds the legal title until the foreclosure sale, yet in a proper case, when necessary to protect the mortgagee's interests, equity will appoint a receiver; this may be done by order in the foreclosure suit, after judgment; and the fact that the complaint does not state facts authorizing the appointment, is no objection in such a case.

2. Where the whole amount of the mortgage debt was not due, and the premises were ample security for the amount due, with costs, but the land could not advantageously be sold in parcels, and the whole mortgage debt would become due before there could be a sale under the judgment: *Held,* that the case should be treated as if the whole debt were due.

3. The mortgage included the homestead; neither the interest nor any part of the principal had been paid; the debt was larger than the sum for

which the premises could probably be sold; and there were other unsatisfied judgments against the mortgagor. *Held*, that, in the absence of rebutting proofs, the insolvency of the mortgagor was sufficiently established.

4. Where the foregoing facts were shown, with the further fact that the mortgagor was willfully neglecting to pay the taxes on the land, there was no abuse of discretion in appointing a receiver.

5. Whether the homestead should not have been excepted from the order, not here considered.

APPEAL from the Circuit Court for Winnebago County.

Foreclosure of a mortgage of a quarter section of farming land, executed by *Patrick Carey* and wife to secure payment of $4,300, with interest payable semi-annually. When the judgment was rendered, March 15, 1879, there was due interest amounting to $594; but the principal was not to become due until April 1, 1880. There was no appearance before judgment, on the part of any defendant. On the 29th of April, 1879, the court, on plaintiff's motion, appointed a "receiver of the rents, profits and crops" of the mortgaged premises, "excepting the house thereon and garden attached, occupied by defendant, with way between the same and highway, pending the sale of the same in this action." The affidavits filed in support of the motion showed that the taxes on the premises for 1877 and 1878, amounting to $46.40, remained unpaid; that the premises were advertised for sale for the taxes of 1878, and had been sold to the county in the spring of 1878, for the taxes of 1877, and the certificates of sale transferred to strangers; and they tended to show that the value of the premises did not exceed $4,000 or $4,500. The counter affidavit of *Patrick Carey* tended to show that said premises were worth not less than $6,000; and in this affidavit he "claims a right of homestead in the premises."

From the order appointing a receiver, the defendant *Patrick Carey* appealed.

*Chas. W. Felker*, for appellant:

A receiver will not be appointed when no part of the prin-

cipal is due. *Bank of Ogdensburgh v. Arnold*, 5 Paige, 38; Edwards on Receivers, 60. A sale of part being sufficient to pay the interest due, the entire property should not be placed in the hands of a receiver. *Quincy v. Cheeseman*, 4 Sandf. Ch., 406. In no case will a receiver be appointed, certainly not where the mortgage does not expressly give a lien on rents and profits, unless it clearly appears, both that the security is inadequate, and that the mortgagor is insolvent. *Sea Insurance Co. v. Stebbins,* 8 Paige, 565; *Brown v. Chase*, Walker's Ch., 43; *Myers v. Estell*, 48 Miss., 372; *Shotwell v. Smith*, 3 Edw., 588; *Haas v. Chicago Building Society*, 8 Cent. L. J., 456; Jones on Mort., §§ 15, 16. And the bill should allege inadequacy of the security. *Warner v. Gouverneur's Ex'rs*, 1 Barb., 36; Edwards on Receivers, 36.

The doctrine of appointing receivers in mortgage cases had its foundation in the rule, that the mortgagee was the legal owner of the land; and as that rule no longer obtains, and the mortgagor now has one year's redemption expressly given by statute, it seems questionable whether equity has power to appoint a receiver as between mortgagor and mortgagee. *Guy v. Ide*, 6 Cal., 99.

*Moses Hooper*, for respondent:

1. A receiver may be appointed after judgment. R. S., § 2787; *Haas v. Chicago B. S.*, 8 Cent. L. J., 456; High on Receivers, § 110; *Hyman v. Kelly*, 1 Nev., 179; *Astor v. Turner*, 11 Paige, 436; *Bowman v. Bell*, 14 Simons, 392. 2. A mortgage of the fee includes the rents and profits; and loss of interest will be guarded against as carefully as loss of principal. But in this case the whole should be treated as due, because maturing before sale. 4 Sandf. Ch., 406. 3. An express allegation of insolvency was unnecessary, the facts which were alleged, such as failure to pay interest on a mortgage of the homestead, or to keep up the taxes on such homestead, making a *prima facie* case. *Brown v. Montgomery*, 20 N. Y., 287, 291; 8 Cent. L. J., 456; 1 Nev., 179; *Orphan*

*Asylum v. McCartee*, Hopk., 435; *Mahon v. Crothers*, 28 N. J. Eq., 567; *Pullan v. Cinn., etc., Railroad Co.*, 4 Biss., 35; *Cheever v. Railroad Co.*, 39 Vt., 653, 663–4; Hoffman's Prov. Rem., 477. 4. The appointment of a receiver is for the preservation of the estate, and is discretionary. *Crane v. McCoy*, 1 Bond, 422; *Mil., etc., R. R. Co. v. Soutter*, 2 Wall., 510, 521; *Verplank v. Caines*, 1 Johns. Ch., 57, 58; *Lottimer v. Lord*, 4 E. D. Smith, 183; *State v. Railway Co.*, 18 Md., 193; *Cortleyeu v. Hathaway*, 11 N. J. Eq., 39; *Williamson v. R. R. Co.*, 1 Biss., 209; *Cairns v. Chabert*, 3 Edw., 312; *Payne v. Atterbury*, Har. Ch. (Mich.), 414; *Tanfield v. Irvine*, 2 Russ., 149; *Wall St. Fire Ins. Co. v. Loud*, 20 How. Pr., 95; *Johnson v. Tucker*, 2 Tenn. Ch., 398; *Reade v. Hamlin*, Phill. Eq. (N. C.), 128; *Stockman v. Wallis*, 30 N. J. Eq., 449; *Chetwood v. Coffin*, id., 450. 5. The appointment of a receiver of mortgaged premises is not prohibited by implication by the statute giving one year for redemption. *Finch v. Houghton*, 19 Wis., 149; *Astor v. Turner*, 2 Barb., 444; and cases previously cited.

TAYLOR, J. This is an appeal from an order appointing a receiver in an action to foreclose a mortgage. The order was made after judgment. The appellant is the mortgagor. The most material question raised upon this appeal is, whether the circuit court has power, in an action to foreclose a mortgage upon real estate, to appoint a receiver of the rents and profits thereof in any case, either before or after judgment.

It is urged by the learned counsel for the appellant, that as, by the laws of this state, a mortgagor has a legal right to the possession of the mortgaged property until after foreclosure and sale of the mortgaged premises, notwithstanding the condition of the mortgage has not been performed, as all legal actions for the recovery of the possession of the mortgaged premises have been taken from the mortgagor by express statute, and because the courts have held that the

legal title in fee remains in the mortgagor until after fore-closure and sale, a court of equity has no power to deprive the mortgagor of his right to the possession under his title, until such title is extinguished by a sale upon the judgment of foreclosure.

This question has been frequently passed upon by the courts of other states where the law gives a mortgagee no greater rights than are secured to him by the laws of this state; and, after a careful examination of decisions made by such courts, it will be seen that the general current of author-ity is in favor of the exercise of the power in a proper case, notwithstanding the laws prohibiting the mortgagee from tak-ing any proceeding at law to recover the mortgaged premises until after sale.   The power of a court of equity to appoint a receiver of the rents and profits of the real estate mortgaged, in an action to foreclose the mortgage, in states where the rights of the mortgagor are substantially the same as in this state, has been sustained by the courts in the following cases: *Bank v. Arnold,* 5 Paige, 39; *Ins. Co. v. Stebbins,* 8 Paige, 566; *Astor v. Turner,* 11 Paige, 436; *Verplank v. Caines,* 1 Johns. Ch., 58; *Clason v. Corley,* 5 Sandf. S. C., 447; *Bank v. Tallman,* 31 Barb., 201; *Smith v. Tiffany,* 13 Hun, 671 (N. Y.); *Callanan v. Shaw,* 19 Iowa, 183; *Fitzgerald v. Dan-iels,* Chicago Legal News, Jan. 3, 1880, p. 141; *Pasco v. Gamble,* 15 Florida, 562; *Hyman v. Kelly,* 1 Nevada, 179; *Phillips v. Eiland,* 52 Miss., 721; *Whitehead v. Wooten,* 43 Miss., 526; *Myers v. Estell,* 48 Miss., 372; *Boyce v. Boyce,* 6 Rich. Eq. (S. C.), 302, and *Matthews v. Preston,* cited in a note to the last case; *Douglass v. Cline,* 12 Bush (Ky.), 608–622; *Bridge Co. v. Douglass,* 12 Bush, 673.

Many other cases might be cited, but the foregoing are suffi-cient to show the general current of opinion in this country upon this subject.   In England, and those states in this coun-try where the legal title to the real estate vests in the mort-gagee, and after forfeiture he can maintain an action of

ejectment to recover the possession of the mortgaged premises, or compel the tenants to attorn to him, as a general rule a court of equity will not appoint a receiver on the application of the mortgagee, but leave him to his legal remedies. *Sturch v. Young*, 5 Beavan, 557; *Anderson v. Kemshead*, 16 Beavan, 329; *Berney v. Sewell*, 1 Jac. & Walker, 647; *Ackland v. Gravener*, 31 Beavan, 482; *Cortleyeu v. Hathaway*, 11 N. J. Eq., 39; *Frisbie v. Bateman*, 24 N. J. Eq., 28; *Best v. Schermier*, 2 Halst. Eq. (N. J.), 154.

The rule in England has been changed by statute so that a mortgagee may have a receiver whenever the principal, or an installment of interest or principal, or insurance agreed to be paid by the mortgagor, remains unpaid for a definite period after the same becomes due (23 and 24 Vict., c. 145, §§ 11–32), without regard to the adequacy of the surety. Previous to this enactment, the courts of England, as well as the courts in those states where mortgagees have the legal title and are entitled to the possession of the mortgaged premises, were accustomed to appoint a receiver on the motion of the mortgagee out of possession, only where equitable grounds existed therefor, and on the application of persons having only equitable mortgages, who were not in a position to recover the possession of the mortgaged premises in an action at law. See *Ackland v. Gravener, supra; Anderson v. Kemshead, supra; Union Trust Co. v. Railroad*, 4 Cent. Law J., 585; *Meaden v. Sealey*, 6 Hare's R., 620; *Tanfield v. Irvine*, 2 Russ., 149; *Mahon v. Crothers*, 28 N. J. Eq., 567; *Cortleyeu v. Hathaway*, 3 Stock., N. J., 39; *Johnson v. Tucker*, 2 Tenn. Ch., 398; *Henshaw, Ward & Co. v. Wells*, 9 Humph., 568–579; *Farnham v. Campbell*, 10 Paige, 598.

The cases above cited put the appointment of a receiver upon equitable grounds; and the fact that the mortgagee has a legal right to the possession of the mortgaged premises after condition broken, and is permitted to enforce that right by an action at law, has been held in most of the courts a good

reason for refusing the appointment, rather than for his appointment. It would seem, therefore, that the fact that the law prohibits the mortgagee from obtaining the possession of the mortgaged premises by any action at law, until after foreclosure and sale, is an argument in favor of the exercise of the power on the part of a court of equity to make, rather than refuse, the appointment.

We find no courts in this country which have denied the power of a court of equity to appoint a receiver on the application of the mortgagee in a foreclosure action, except the courts of Michigan and California. *Wagar v. Stone,* 36 Mich., 364; *Guy v. Ide,* 6 Cal., 99.

Although we have the highest respect for the opinions of the learned courts making these last decisions, we are inclined to hold that the reasons advanced in them are insufficient to overturn the general current of authority against them; and that we should hold with the current of authority above cited, had the question been an entirely new one in this court.

In the cases of *Gillett v. Eaton,* 6 Wis., 30; *Tallman v. Ely,* id., 244; *Stark v. Brown,* 12 Wis., 572; *Hennesy v. Farrell,* 20 Wis., 42, and *Roche v. Knight,* 21 Wis., 324, this court held that if the mortgagee obtained the peaceable possession of the mortgaged premises without foreclosure sale, after the condition of the mortgage had been broken, the mortgagor could not turn him out of such possession by an action of ejectment, or by any other legal or equitable proceeding, until he paid the amount due on the mortgage, or until the same had been paid by the application of the rents and profits.

These cases do not go upon the ground that the mortgagee, by the act of taking possession, acquires any legal title to the fee of the land mortgaged. He does not defend upon the ground of his title at law, but upon the equitable ground that, having a lien upon the property in his possession by contract with the owner of the fee, and his right to the payment of the amount of his lien having matured and remaining undis-

charged, it is equitable that the lien-holder, being in possession of the property to which his lien attaches and out of which his debt is to be paid, should be permitted to hold such possession, and apply the rents and profits which can be derived by such possession to the discharge of his debt, until the same shall be paid.

To sustain the position taken by the learned counsel for the appellant, it would be necessary to overrule these cases; for if, as is urged, the mortgagor is entitled absolutely to the possession of the mortgaged premises irrespective of all equitable considerations, until a foreclosure and sale, the law having secured to him the legal title until that event takes place, it would be impossible to sustain the right of the mortgagee to the possession, however acquired, until after foreclosure and sale. These decisions clearly recognize the equitable right of a mortgagee, after condition broken, to appropriate to the payment of his mortgage debt the rents and profits of the mortgaged estate, by his own acts; and if he is permitted to do that under any circumstances, it would seem that a court of equity would have the power to do it for him, in a case where the circumstances clearly show that unless it be done he will necessarily lose some part of his mortgage debt.

Although the mortgagee has no legal estate in the lands mortgaged, yet this court has recognized that he has an equitable interest which the courts are bound to protect, and that the mortgagor must in some respects be considered in possession for the benefit of the mortgagee. He holds the estate mortgaged in some respects as trustee for the benefit of the mortgagee; and a court of inquiry will interfere to prevent the destruction or waste of the mortgaged estate by the mortgagor and those claiming under him, when such destruction or waste endangers the security of the mortgagee. *Avery v. Judd*, 21 Wis., 262; *Jones v. Costigan*, 12 Wis., 677; *Seatoff v. Anderson*, 28 Wis., 212; *Fairbank v. Cudworth*, 33 Wis., 358. These cases, and many more which might be cited,

show that courts of equity in this state will interfere to protect the rights of the mortgagee in the property mortgaged, and, where necessary to secure the mortgaged debt, will interfere to prevent its destruction or waste, so that it may be applied in its entirety to the payment of the debt secured by its pledge.

The only case in this court where the direct question of the appointment of a receiver of the rents and profits of the mortgaged estate, in order to appropriate the same to the mortgage debt, was presented, is *Finch v. Houghton*, 19 Wis., 150. In that case the court below appointed a receiver of the rents and profits of the mortgaged premises, pending an action to foreclose a mortgage, upon allegations and proofs of a like nature to those upon which the court in the case at bar made the appointment; and, upon an appeal from that order, this court affirmed the appointment. Justice COLE, who wrote the opinion, says: "We are satisfied, from the affidavits read upon the hearing of the application, that a *prima facie* case was established for the appointment of a receiver. The decided weight of testimony tends to show that the mortgaged premises are not an adequate security for the payment of the mortgage, while those personally liable are probably not able to pay the deficiency. The whole mortgage debt is due, and considerable interest, which was payable annually, remains unpaid. Besides, those in possession neglect to pay the taxes, and there are many circumstances disclosed which tend strongly to show that the appellant has endeavored to obtain some tax deeds upon the mortgaged property to defeat the mortgage. It appears that he is the owner of the equity of redemption, in possession, and therefore an indispensable party to an action of foreclosure; . . . and, as there are some circumstances which tend to throw suspicion on the fairness of the appellant's conduct, a receiver was rightfully appointed." This decision was made in 1866, and from that time to the present no question has been raised as to the authority of that decis-

ion; and from personal observation we know that it has been a common practice in the circuit courts of the state to appoint receivers in foreclosure actions.

This case must therefore be conclusive on us of the power of the circuit courts to appoint receivers in foreclosure actions, unless there has been some change in our laws which destroys the authority of that decision.

It is insisted by the counsel for appellant, that this decision is not applicable to the case at bar, for the reason that when that mortgage was given the mortgagor had no right of redemption after foreclosure and sale, and that chapter 195, Laws of 1859, which secures to the mortgagor a right to redeem the lands for one year after the foreclosure sale, prevents the issuing of a deed until after the expiration of such year, and provides that the mortgagor shall remain in possession until the expiration of such year, is a clear legislative declaration that the mortgagee shall not have any benefit of the mortgaged premises under any circumstances until after the time for redemption has expired; and that the law which now prohibits any sale until one year after the judgment of foreclosure is entered, is equally conclusive of the intention to prohibit any right of possession on the part of the mortgagee until after the expiration of such year.

As the law now stands, there is no redemption after sale. The statute simply delays the sale for one year after judgment. As the law stood when the mortgage was given upon the foreclosure of which a receiver was appointed in the case of *Finch v. Houghton, supra,* it secured to the mortgagor the right to the possession until a sale was made, as absolutely as it does now. It cannot be said that the right of the mortgagor now to remain in possession after judgment for one year, until after the sale is made, is any more sacred than it was then to remain in possession until after judgment and until sale made, under the old law; and yet this court held, in the case above cited, that, when equity and good conscience de-

manded, in order to protect the interest of the mortgagee, he might be removed from the possession before judgment and sale. If, under the law as it now is, the right of possession is inviolable in the mortgagor until after the sale made, it was equally so under the law as it stood previous to 1859. Both the courts which have held that a receiver could not be appointed in a foreclosure action, held that they could not be appointed *pendente lite* and before judgment. *Guy v. Ide* and *Wagar v. Stone, supra.* And both put the decision on the ground that the legal title and the right of possession were secured to the mortgagee by statute. That the possession is secured to the mortgagor for a longer or shorter time, by statute, cannot change the principle; and if the right to appoint a receiver may be exercised by the court before the expiration of the shorter period fixed by the statute, it may with equal propriety be exercised before the expiration of the longer period. There is nothing, therefore, in the laws extending the time before a sale can be made upon a foreclosure judgment, which detracts from the authority of the case of *Finch v. Houghton, supra.*

There has been one other change made in the statutes of this state upon the subject of the rights of mortgagors and mortgagees, which we will notice, although it has perhaps very little to do with the determination of this case. Previous to the revision of 1878, section 1, ch. 101, R. S. 1858, provided that a tenant might attorn to a mortgagee after the mortgage had been forfeited. Under this provision it is probable that a tenant of a mortgagor might, after the forfeiture of a mortgage upon the estate held by him, have paid rent to the mortgagee, and in that way have effectually put the mortgagee in possession, even against the wish of the mortgagor. This section has been very seldom, if ever, acted upon in this state, and I have no knowledge of any case in this court where its effect has been commented upon, although it might have been used, perhaps, with some force in sustaining the

decisions of this court above cited, which hold that a mortgagee in possession, after condition broken, cannot be evicted by the mortgagor until the mortgage debt is paid. This provision, which was considered incongruous and not in accordance with the spirit of the laws upon the subject of the rights of mortgagors and mortgagees, was repealed by the revision of 1878, and no tenant can now attorn to a mortgagee, or one claiming under him, until after foreclosure, sale, and conveyance to the purchaser on such sale. See section 2182, R. S. 1878.

The statute above referred to was neither considered nor commented upon in the decisions of this court above cited, and its repeal cannot therefore affect the authority of such decisions.

The counsel for the appellant insists that the court has no authority to appoint a receiver after judgment, or intermediate the judgment ordering a sale and the sale. We think the authorities show very clearly that a receiver may be appointed after judgment and before sale, especially when the sale is delayed for some considerable length of time thereafter. In the following cases the appointment was made after judgment, and approved: *Bank v. Tallman*, 31 Barb., 201; *Smith v. Tiffany*, 13 Hun, 671–2; *Astor v. Turner*, 11 Paige, 436; *Hackett v. Snow*, 10 Irish Eq., 220; *Cooke v. Gwyn & Wight*, 3 Atkyns, 690; *Thomas v. Davies*, 11 Beavan, 29; Jones on Mortgages, § 153. We think there would be great propriety in many cases in delaying the appointment until after the rights of the parties are fixed by the judgment, and especially so where there is a dispute as to the amount actually due upon the mortgage, or where there is a question as to what real estate the mortgage covers. In cases of this kind great injustice might be done by the appointment of a receiver before judgment, whereas after judgment, when the amount of the mortgage claim is fixed, and the property subjected to the payment of the same ascertained, the court is in a much more

advantageous position for determining whether equity requires the appointment of a receiver or not.

It is also objected that the whole amount of the mortgage debt is not due, and that the mortgaged premises are of ample value to pay the amount due, with the costs. There might be some force in this objection if the premises could be sold, advantageously to the parties, in parcels; but in this case the court has determined that it is for the benefit of all parties that the whole of the mortgaged premises should be sold to pay the installment due; and in addition to that it appears that the whole sum secured by the mortgage will become due before a sale can take place under the judgment. We think, therefore, the case should be treated in the same manner as though the whole mortgage debt had become due when the judgment was entered.

It is also insisted that it does not appear from the proofs that the mortgagor is insolvent and unable to pay the mortgage debt, if there should be a deficiency after the mortgaged premises are sold. The evidence shows that the mortgage is upon the homestead of the mortgagor; that he has neither paid the interest nor any part of the principal; that the mortgage debt is probably more than the mortgaged premises could be sold for; and that there are other judgments against the mortgagor which are unsatisfied. We think, in the absence of any rebutting proofs, the insolvency of the mortgagor is sufficiently established.

The objection that the complaint does not state any facts which would authorize the appointment of a receiver, we think, has no force where the appointment is not applied for until after judgment.

We agree with the counsel for the appellant that the court should not appoint a receiver in a foreclosure action unless the facts establish a case which clearly invokes the exercise of the equitable powers of the court, in order to protect the mortgagee against loss and injury which will necessarily result to

him by reason of the acts or negligence of the mortgagor or those claiming under him. We think the facts in this case show that the mortgagor, by his willful neglect in not paying the taxes, is casting a burden upon the mortgaged estate which equity demands he should discharge. It is clearly a want of good faith on the part of the mortgagor to neglect to pay the interest on the mortgage debt, or to pay the taxes upon the mortgaged property, and yet remain in possession, and appropriate all the profits of the use of the estate to his own purposes.

We are clearly of the opinion that there was no abuse of the discretion of the court in appointing a receiver in this case.

Whether the court ought not to have excepted the homestead, consisting of the dwelling-house and 40 acres of land upon which the same is situate, from the effects of the order, it is unnecessary to determine on this appeal. If the appellant desires the homestead exempted, he can apply for a modification of the order in that respect, and, as we understood the counsel for the respondent, there would be no objection to such modification.

*By the Court.* — The order of the circuit court is affirmed, without prejudice to the right of the appellant to apply for a modification of the order as above suggested.