Hanon & Sons et al. *v.* Weil Bros. et al.

1. Appeal. *Removal of receiver.* *Change of possession.* *Code* 1880, ? 2311.

Section 2311, code 1880, authorizing appeals to be granted by the chancellor from interlocutory orders, whereby the "possession of property is changed," does not authorize an appeal from an order removing a receiver and restoring the property to the person from whom it was taken.

2. Same. *Discharge of supersedeas.* *Code* 1880, ? 1421.

If an appeal with *supersedeas* be granted from such an order, the *supersedeas* will, upon motion, be discharged by the supreme court. Code 1880, ? 1421.

MOTION in the supreme court.

In this case, pending in the chancery court of Lauderdale county, an appeal, with *supersedeas*, was granted by Chancellor S. Evans, from an interlocutory order made by him in vacation, by which a receiver, appointed at the instance of appellants, was removed, and the property in his possession ordered to be restored to appellees, upon the execution by them of a forthcoming bond.

This motion is made by appellees, under § 1421, code 1880, to discharge the *supersedeas*.

*Miller & Baskin, J. R. McIntosh* and *Brame & Alexander*, for motion.

*A. J. Russell, contra.*

Argued orally by *J. R. McIntosh* and *C. H. Alexander*, for motion, and *A. J. Russell, contra.*

CAMPBELL, C. J., delivered the opinion of the court.

An appeal does not lie from an order of a chancellor, vacating the appointment of a receiver, absolutely or conditionally, and directing a return of property to the person from whom it was taken. This is not a change of the possession of property, within the contemplation of § 2311 of the code. It is merely a restoration of the *status quo* as existing before the appointment of the receiver. The refusal to appoint a receiver may not be appealed from, and the removal of the receiver is not appealable.

*Motion to discharge the supersedeas is sustained.*