L. L. PEARSON ET AL. *v.* S. R. KENDRICK ET AL.

1. CHANCERY COURT. *Receiver. Appointment. Notice.  Code* 1892, §§ 574, 922.

   When a receiver has been appointed, without notice to the adverse party, by a chancellor other than the one in whose district the cause is pending, it will be presumed, on a recital to that effect in the chancellor's order, that the showing necessary to authorize such action under §§ 574, 922, code 1892, was made by the complainant.

2. SAME. *Decree discharging receiver.   Appeal therefrom.   Code* 1892, § 575.

   An appeal lies from a decree discharging a receiver appointed without notice on the *ex parte* application of the complainant, since the latter, on the revocation of the appointment, is liable on his bond, given under § 575, code 1892, for all damages sustained by reason of the appointment.  *Hanon* v. *Weil,* 69 Miss., 476, distinguished.

3. DEED OF TRUST. *Rights of beneficiary.   Precarious security.   Case.*

   The beneficiary in a deed of trust upon property subject to prior liens, that affords but a precarious security for his debt. and is all that the debtor owns, is entitled to have a receiver appointed of the rents and profits to the same extent as if his incumbrance were a mortgage; and it is error to discharge a receiver, on defendant's motion, before final hearing, when the evidence adduced shows such a state of case.  *McDonald* v. *Vinson,* 56 Miss., 497, cited.

FROM the chancery court of Bolivar county.

HON. A. H. LONGINO, Chancellor.

The opinion states the case.

*Moore & Clark* and *Brame & Alexander,* for the appellants.

1. The right of the beneficiary of a deed of trust to foreclose *in pais* in nowise prejudices his right to do so in equity, and his rights to a receiver *pendente lite* is coextensive with that of a mortgagee, when the property is insufficient to pay the debt and the incumbrancer is insolvent.  *Phillips* v. *Eiland,* 52

Miss., 721; *Myers* v. *Estill*, 48 *Ib.*, 372. The rule is the same whether the incumbrance be a mortgage, a trust deed, or a vendor's lien.

2. A decree discharging a receiver appointed under §§ 574, 575, code 1892, is clearly appealable, for, upon a revocation of the appointment, the complainant becomes at once liable on the bond required by the latter section for all damages resulting to the defendant from the appointment, and, no matter how erroneous the decree of discharge may have been, he would be remediless if denied the right of appeal. The case of *Hanon* v. *Weil*, 69 Miss., 476, which apparently conflicts with this view, rests upon the different provisions of the code of 1880, under which the discharge of the receiver and his compliance with the order relieved him on his bond as receiver of all liability, and therefore a restoration of the property completely restored the *status quo*, and no one could appeal. Under §§ 576, 578, code of 1892, the giving of a preliminary bond to secure the appointment is assimilated in some measure to the matter of a preliminary injunction. The judge, in one case as in the other, may look to the averments of the bill, and, if he thinks it a proper case, may award the injunction in the one case or grant the receivership in the other, without notice, but upon the execution of a sufficient bond conditioned as the law requires. The court, by § 578, is also authorized to take from the defendant a bond in lieu of appointing a receiver in the first instance. This right the court had in the absence of a statute, but the section further provides that, in cases where complainant has given a bond, and thus incurred liability for damages, the court may still, on an application to remove the receiver, remove him upon the execution and filing of such bond. These are radical changes in the law, and affect not only the remedy or procedure, but give the parties substantial rights. Formerly the receiver was an arm of the court, which appointed or removed him at will, but now, for the protection of the defendant who had no notice, complainant must give

bond, and, if the receiver is discharged, he becomes liable thereon for damages, to be awarded either in that suit or an independent suit.

*Butt & Butt*, for the appellees.

1. The decree discharging the receiver is not one from which an appeal lies. *Hanon* v. *Weil*, 69 Miss., 476; code 1892, § 34; code 1880, § 2311.

2. The receiver was properly discharged; indeed, he should never have been appointed. The record shows nothing in the way of affidavits, etc., to satisfy the mind of the chancellor who made the appointment that an immediate appointment was necessary or that any cause existed for not giving notice. The beneficiary of a deed of trust upon land has not the right to a receiver of the rents and profits that is recognized in mortgagees upon the insolvency of the debtor and the insufficiency of the property as a security. Counsel also discussed at length the evidence touching the state of accounts between the parties, and cited the following authorities: High on Receivers, §§ 12, 17, 19, 24, 35, 108, 111, 112, 113, 115, 553, 555, 590, 600, 639, 824; *Whitehead* v. *Wooten*, 43 Miss., 523 (20 Am. & Eng. Enc. L., 18, and notes); *Meridian, etc., Co.* v. *Paper Co.*, 70 Miss., 695.

Argued orally by *C. H. Alexander*, for the appellants.

STOCKDALE, J., delivered the opinion of the court.

This cause is here on appeal from the decree of the chancery court of Bolivar county, rendered on September 18, 1896, discharging the receiver, C. T. Bell, theretofore appointed in this cause. Complainants, J. T. Wright, trustee, L. D. Nickles, trustee, and Leland L. Pearson exhibited their sworn bill of complaint in the chancery court of Bolivar county, on August 11, 1896, setting forth that on January 27, 1891, defendants, S. R. Kendricks, and his wife, Char-

lotte Kendricks, executed their joint note of that date, payable
to Burbridge & Houston, on December 1, 1891, for $3,075,
with interest from date at 10 per centum per annum, and se-
cured it by deed of trust to J. T. Wright, trustee, on 160
acres of land and three mules and a wagon and crop of that
year—said deed of trust reciting that Burbridge & Houston
were to furnish defendants supplies during that year; that on
March 5, 1892, defendants executed another note, for $1,-
018.89, payable to the order of Burbridge & Houston, Novem-
ber 1, 1892, with 10 per centum per annum interest from
March 1, 1892, and secured it, as well as the first note of
$3,075, mentioned in the former deed of trust, making this
second deed secure a debt, evidenced by said two notes, of $4,-
093.84.   This deed conveyed the same property as the former
deed.   That on April 7, 1894, defendants executed a third note,
payable to the order of Burbridge & Houston, on November
1, 1894, with 10 per cent. interest from April 1, 1894, for
$1,888.65, and secured same by deed of trust to L. D. Nickles,
trustee, conveying same land as the other two deeds, and two
other mules and a gin stand, and Burbridge & Houston agree-
ing to furnish defendants supplies during 1894.   The bill al-
leges that all these notes were regularly transferred to com-
plainant, Leland L. Pearson, and he was the owner, and no
part of them, or either of them, had been paid, but the whole
sum was due him—about $6,000.   The bill also alleges that
defendants are collecting rents and disposing of them, and are
insolvent, and letting the lands go to waste, etc., and that the
value of the property is not more than $3,250, and wholly in-
adequate to pay the debt, and prays for a foreclosure and a
receiver.   The answer of defendants, also sworn to, though
not regularly filed in the cause, was offered and read in evi-
dence, with other proofs, on the hearing of said motion to dis-
charge the receiver, and filed in the cause immediately after
said hearing.   It denies seriatim all the material allegations of
the bill.   Admitting the execution of the three several promis-

sory notes, it denies, with emphasis, that the $3,075 note of January 27, 1891, ever had any legal or equitable existence, but was obtained by fraud, and without consideration; alleges that the second and third notes were fully paid long before any transfer of them was made to anyone; denies that Pearson is the owner of said notes; denies insolvency; denies that any waste is being allowed; denies collecting and misapplying rents; and denies selling cotton, except one bale, to pay a debt and repair the gin. The record shows that complainants notified defendants to appear at Greenville, Washington county, on August 24, to contest a motion before the honorable chancellor, A. H. Longino, of the seventh district; and the next thing that appears in the record is an order appointing C. T. Bell receiver, by Chancellor B. T. Kimbrough, of the third district, at Batesville, said to be 200 miles from Bolivar county courthouse, on August 25, 1896, without any notice to defendants, authorizing said receiver to take possession of all the property, real and personal, described in the bill—complainants having first given bond in substantial compliance with § 575 of the code of 1892. On the hearing of the said motion to discharge receiver, by agreement of counsel on both sides, it was admitted, for the purposes of that hearing, that complainant, Pearson, was the legal owner of the deeds of trust and notes in controversy, and that certain affidavits and proofs be introduced and read. The defendants in the bill introduced their own affidavit, setting forth that they owed nothing on said notes, the same being void; deny insolvency; deny that they are collecting and misapplying rents, or putting them or cotton out of the reach of creditors; deny mismanagement, and assert that they are improving the land; say they had not and have not attempted to collect rents; and deny all the equities of the bill. By affidavit of Robert Webley they prove that they have greatly improved the land. Complainants introduced the affidavit of complainants Pearson and Nickles, and that of R. P. Houston, one of the firm of Burbridge & Houston. Pearson

reasserts the allegations of the bill, and asserts that the amount of all three of said notes, about $6,000, is due him. R. P. Houston swears that the $3,075 note of January 27, 1891, was to secure an old debt of $2,700, and the balance to secure supplies to be furnished defendants during the year 1891. He says, also, that the balance unpaid on said note, for $1,018.84, of March 5, 1892, was merged in the $1,888.65 note of April 7, 1894, and was thereby extinguished, and delivered to S. R. Kendrick and wife. The answer of defendants to the bill was in evidence. The honorable chancellor, upon consideration of the proofs, papers, and affidavits on file in said cause, decreed that the receiver be discharged; and complainants appeal from that order.

Appellees move to dismiss the appeal, assigning causes: (1) This court has no jurisdiction of the appeal; (2) the court below had no jurisdiction to grant the appeal, citing code 1892, § 34; (3) because the appeal was improvidently granted. In support of the motion, counsel for appellees insist that an appeal does not lie from an order discharging a receiver by the chancery court, citing *Hanon* v. *Weil*, 69 Miss., 476 (13 South., 878), in which it is held that " an appeal does not lie from an order of a chancellor vacating the appointment of a receiver, absolutely or conditionally, and directing a return of property to the person from whom it was taken."

There is no question about that decision being the correct enunciation of the law as it then was, and still is, unless it has been changed by the code of 1892. That decision was rendered when the code of 1880 was in force, which contained no abridgment of or change in the general law in this regard. The appointment and discharge of receivers was wholly within the discretion of the court, and therefore appeals were denied. It is laid down in 20 Am. & Eng. Enc. L., 104, that the doctrine of denial of appeals seems to be based on the idea that the appointment of a receiver, ordinarily, neither settles nor prejudices rights, but is resorted to merely for the purpose of pre-

serving the property in controversy, pending the litigation, for the benefit of the successful party. Many of the states have changed that rule by enactment, and it is now to be determined whether Mississippi has done the same. A review of the authorities cited by appellees on this feature of the case shows, what is conceded, that the courts are and always have been, averse to appointing receivers on *ex parte* showing and without notice, but our statute specially provides that that may be done in certain cases.

A receiver, then, being simply an arm of the court, by which it reaches out to accomplish its will, might be appointed and discharged at the will of the chancellor. But the code of 1892 puts a condition on the appointment of a receiver in emergency cases, where such haste is required as to preclude the giving of notice, by § 575, which is in these words: "Before any receiver shall be appointed without notice, the party applying for the appointment shall execute bond, payable to the adverse party, in a sufficient penalty to be fixed by the court or chancellor, with sufficient sureties, conditioned to pay all damages that may be sustained by the appointment of such receiver in case the appointment be revoked, and said bond shall be filed in the cause, and damages may be recovered thereon in suit in the same manner as damages are recoverable on an injunction bond, or the party entitled to damages may maintain an independent suit on such bond therefor." Section 576 prohibits the chancellor or court from removing a receiver without notice to the opposite party and the receiver, no matter when he was appointed. Section 578 authorizes the court or chancellor to substitute a bond in place of appointing a receiver, or remove him upon the execution, approving, and filing of a similar bond. The legislature must have had an object in making these changes in chancery proceedings, and the duty of the courts is to ascertain the legislative will and follow it. Section 575 provides a remedy, so that the party who resorts to the hasty *ex parte* proceeding to procure an appointment of a re-

ceiver shall not escape liability, as formerly, for damages inflicted upon the opposing party, in case his action should be held to be unauthorized by the facts and wrong, but must guarantee indemnity by the bond there described.

The court held, in *Hanon* v. *Weil,* that the change of possession of property was not within the contemplation of § 2311 of the code of 1880, but merely a restoration of the *status quo* as it existed before the appointment of a receiver. No person's rights were affected there, and no liability resulted from the order of the court, but the same cannot be said here. The condition of the bond is to pay damages if the appointment of the receiver be revoked. The judgment of the court here complained of revokes the appointment, which amounts to a judgment of the court that the obligor and his sureties are liable on the bond for some damages; and their rights are affected when they are brought into court on that bond. They come in burdened and prejudiced with an adjudication that they are liable on the bond, and it is claimed by appellees that very considerable damages have resulted in this case from the appointment of said receiver, and they ought to have an appeal to this court to show, if they can, error in the judgment that fixed a liability upon them. Section 575 itself, by giving to this bond the same status as to remedies upon it as is given to injunction bonds, evidently contemplates that an appeal may be had from the order of discharge. The motion to dismiss the appeal, therefore, is denied, and the order of the honorable chancellor of the seventh district, the Hon. A. H. Longino, discharging the receiver, is here for consideration.

Counsel for appellees insist that the order appointing the receiver was irregular, the appointing power not having acquired jurisdiction, and should not have been made, and was properly revoked. It is urged that the order appointing a receiver, made at Batesville, in the third district, on August 25, 1896, purports on its face to be the action of the chancery court of Panola county, which court had no jurisdiction of the

subject-matter, and that the showing made was not sufficient to give a chancellor of another district jurisdiction, and not sufficient to warrant the appointment of a receiver in any event. The order appointing the receiver, which is the only authority by which C. T. Bell claims to be receiver, in its caption and recitals, indicates action in and by the chancery court of Panola county. It is also recited, in the body of the order, that the action is in a certain cause pending in the Chancery court of Bolivar county, Miss., giving number and style of the case, and that the Hon. A. H. Longino, chancellor of the seventh judicial district, is seriously ill at Jackson, Miss., and absent from his district, and complainants' bill was before him. The order is signed, ''B. T. Kimbrough, Chancellor of the Third District,'' from which it sufficiently appears that the order was the action of the chancellor of the third district. Section 922 authorizes the chancellors of districts other than where the suit is pending to act, and § 574 authorizes the appointment without notice, and we must presume the honorable chancellor of the third district had before him sufficient showing, in his opinion, to authorize his action.

The record discloses that the motion to discharge the receiver was tried on the first of September, 1896, on proofs then submitted to the court, in addition to the papers in the cause, and on its merits, the contention being whether the cause then needed a receiver; and that is the question now before this court. Complainant Pearson maintains, by his bill of complaint and affidavit submitted on trial of this motion, that all three of the said described notes are his, and due, and no part of either of them has been paid. The defendants, appellees here, as stoutly maintain that nothing is due on any of said notes; that the note of January 27, 1891, of $3,075 was and is void, and the other two paid. The affidavit of R. P. Houston, submitted by complainants, shows that a part of the consideration of said $3,075 was for supplies to be afterwards furnished, and that the said note of March 5, 1892, for $1,018.65, was,

on a settlement with Kendrick and wife, on the seventh day of April, 1894, extinguished and delivered up to Kendrick and wife, and that no part of said third note of April 7, 1894, has been paid, except what is indorsed thereon, on the back of said note. The following is on the back of the note, to wit: "Indorsed on the within note, $308.66, 1/1/95.   B. & H."

There seems, from the record, to be some doubt cast upon the first note of $3,075, and we express no opinion about its validity or status. There are other items in the case about which there seems to be no serious dispute; eliminating from the consideration the second note, of March 5, 1892, for $1,-018.65, extinguished and delivered up April 7, 1894. With the answer of appellees in the court below was filed an account (Exhibit A) purporting to be a statement of all the dealings between Burbridge & Houston and Kendrick and wife from January 30, 1891, to February 22, 1895, showing, as appellees claim, $20.01 due them. That account shows to have been balanced on March 14, 1894, showing a balance against Kendrick and wife of $1,888.65, and they are credited by that amount "by bill receivable," balance of the $1,018.65 note entering into the debt. Then the account begins anew. The note of April 7, 1894, is for the same amount, $1,888.65, and $308.66 was paid on it January 1, 1895. The value of that note, at the date of the motion to discharge, was about $2,000, after deducting payment. It is not denied that there is due on the lands in question $477, with two years' interest, presumably at ten per cent., but, if at six per cent., the debt is over $500, secured by vendor's lien in favor of the Louisville, New Orleans & Texas Railroad Company, making over $2,500, besides costs, after deducting the $20.01, balance on account. That amount may be regarded as undisputed, so far as this record shows. The property in the deeds of trust, as the record shows, is estimated at $2,250 to $3,250, at a fair rate.

Take the mean of those estimates, $2,750, and it may be fairly and justly regarded as a precarious security for the debt

of complainant. It is mentioned in defendants' answer to the bill that Connel & Gardner have a deed of trust on the crop of 1896, grown on the lands in question here—for what amount the record does not disclose; but that deed of trust is, of course, superior to appellants' claim, and appellant, Pearson, is junior incumbrancer to the Louisville, New Orleans & Texas Railroad Company for over $500, and in the same attitude as a junior incumbrancer to Connel & Gardner as to his claim on the crop of 1896. And the application of a junior incumbrancer for the appointment of a receiver stands upon much more favorable grounds than that of first mortgagee. *Myers* v. *Estill*, 48 Miss., 403, and cases there cited. It was held by Justice Brewer, of the United States supreme court, in the case of *Mercantile Trust Co.* v. *Missouri, K. & T. Ry. Co.*, in the circuit court for the district of Kansas (see 36 Fed., 221), that if, looking at the situation of the litigating parties, the situation of the property, and the prospects of the future, it should appear to the court that these would be benefited, that these require the appointment of a receiver, why no court could, although it is said to be a matter resting in his discretion, justly refuse the appointment.

While the facts in the record cast some doubt upon the said $3,075 note of 1891, not used in the above calculation, some importance is added to it by the agreement of the attorneys in the court below that, for the purpose of that motion, Pearson should be considered the legal owner of it, and it cannot be discarded from the case; and if, upon a future investigation by the honorable chancellor, it should be found that any considerable part of that note is a valid, subsisting debt, the whole debt of appellant, Pearson, largely exceeds the value of all the property of Kendrick and wife, so far as shown by the record in this case, for it is alleged, and not denied, that the property here in question is all they own, and people may be well said to be insolvent when their debts exceed the value of all their property. It is not disputed that a mortgagee is entitled to a

receiver in foreclosure proceedings when the mortgaged prop-
erty is insufficient to pay the debt and the mortgagor is per-
sonally insolvent, as laid down in *Phillips* v. *Eiland*, 52 Miss.,
721. In that case, the chancellor refused to appoint a receiver,
and, for that reason, this court, holding the showing sufficient,
reversed and remanded the cause. A deed of trust is, in effect,
the same sort of instrument, simply to secure a debt and en-
able the creditor to enforce payment. This court has, in effect,
held, in *McDonald* v. *Vinson*, 56 Miss., 497, that a deed of
trust stands on the same ground as a mortgage, as to fore-
closure, if the beneficiary desires to avail himself of it. The
learned Justice Campbell, in that opinion, said: "The bill
shows a promissory note, secured by deed of trust, with condi-
tion broken; and that is all that is necessary to maintain it."
It must follow that like circumstances will call for the appoint-
ment of a receiver as in foreclosure of a mortgage.

The allegations of the answer of defendants below that no
privilege tax was paid and license had by Burbridge & Hous-
ton during the years they dealt with defendant; whether the
$3,075 note of 1891 is valid debt, whether the place is being
allowed to deteriorate, and to what extent the account exhib-
ited shall be purged of usurious and excessive charges—are all
questions solely for the honorable court below to investigate
and determine, and we express no opinion in reference to them.
But, until those matters shall be adjudicated, and the true
status of the litigating parties determined, we think, and so
hold, that the facts set forth in this record present a case in
which a receiver is necessary, and ought to be retained, under
the direction of the chancellor or court, and with such powers
as the honorable court or chancellor may give and confer, ac-
cording to law, unless the honorable chancellor shall remove
him, upon Kendrick and wife executing a bond as is provided
for in § 578 of the code of 1892.

*The judgment of the court below discharging the receiver is
reversed, and the cause remanded, to be proceeded with according
to the equitable principles applicable to the case.*