CHIPMAN *vs.* SABBATON and others.

Under the usual order to appoint a receiver, upon a creditor's bill, the defendant, although he denies on oath that he has any property, is bound to execute to the receiver a formal assignment of all his property, equitable interests, and choses in action, as directed by the order; to enable the receiver to test the validity of any assignment or other disposition which the defendant may have previously made of his property or effects.

THIS was an appeal from a decision of a vice chancellor, December 30. refusing to grant an attachment against the defendants in a creditor's bill. The defendants, upon their examination before the master, upon the usual order of reference to appoint a receiver, and that the defendants assign, transfer, and deliver over to the receiver on oath, under the direction of the master, all their property, equitable interests, choses in action and effects, stated that they had no property, &c. and they therefore refused to execute a formal assignment to the receiver, as they were required to do by the order.

*J. Rhoades*, for the complainant.

*J. L. Wendell*, for the defendants.

THE CHANCELLOR decided, that under the order for the appointment of a receiver in such a case, the defendants were bound to execute to the receiver a formal assignment of all their property, equitable interests, &c. as directed by the order, to enable such receiver to test the validity of any assignment or other disposition they might have previously made of their property, and to bring a suit in his own name in cases in which he was legally authorized to sue in that manner, either at law or in equity. But if the defendants swore that they had no property or choses in action, &c. in their possession or under their power or control, the execution of the formal assignment was all that could be required of them, unless it appeared by other testimony that they had sworn falsely as to such property and effects.