1844.

Farnham
v.
Campbell.

---

FARNHAM and CLARK *vs.* CAMPBELL.

A judgment creditor, by filing a creditor's bill after the return of an execution unsatisfied, obtains a lien upon the rents and profits of the real estate of his judgment debtor which accrue during the fifteen months allowed by law to redeem the premises from a sale by the sheriff upon execution ; and satisfaction of the complainants' judgment may be decreed out of such rents and profits.

A judgment creditor, after exhausting his remedy at law, may file his bill in chancery to obtain satisfaction of his debt out of any beneficial interest of his debtor in real property, as well as in personal estate, which cannot be reached by execution at law.

March 5.     THIS was an appeal from so much of the order of the vice chancellor of the first circuit, appointing a receiver upon a creditor's bill, as reserved to the defendant the use and rents and profits of all his real estate during the fifteen months allowed by law to redeem such real estate from a sale by the sheriff upon execution.

*B. D. Silliman,* for the appellants. The complainant is entitled to all the property of the defendant, (except such as is exempt from execution,) which cannot be reached by execution. This right includes the rents and profits of land for the fifteen months subsequent to the sale thereof under an execution against the defendant. The law exempts debtors from imprisonment, and exempts from execution a considerable amount of their personal property. All their property beyond such exemption must be devoted to the payment of their debts. No debtor can retain, as against his creditor, any property except such as is exempted from execution, or such as is held in trust for him under a trust created by some other person. (2 *R. S.* 290 *to* 292, § 41.) A creditor's bill proceeds on these principles. In *Edmeston*

v. *Lyde*, (1 *Paige*, 691,) the chancellor says, " the princi-
ple being established that every species of property belong-
ing to a debtor may be reached and applied to the satis-
faction of his debts, the powers of this court are perfectly
adequate to carry that principle into full effect." The 192d
rule authorizes the receiver to compel all the tenants of the
real estate of the judgment debtor to attorn to him. Chan-
cery will compel the debtor to apply his lands and other
property in another state to the payment of his debts ; also
his equitable interest, even in trust property which is not
within the exception in the statute. (3 *Paige*, 234.) In fore-
closure cases, where the mortgaged premises are an inade-
quate security, the court will, before decree, apply the rents
and profits in payment of the mortgage debt. In a cred-
itor's suit the court decrees satisfaction of the debt out of
the real as well as the personal property of the debtor.

*C. B. Moore*, for the respondent. The revised statutes
reserve to the judgment debtor the use of his real estate in-
termediate a sale under execution and the expiration of the
period for redemption, and protect it from being applied
in payment of the judgment in a creditor's suit founded
thereon. The defendant's right and title is not divested
until the time of redemption expires. (2 *R. S.* 296, § 61.)
The revised statutes do not authorize the court of chancery
on creditors' bills to decree satisfaction of judgments out of
real estate. (2 *R. S.* 102, § 41, 42.) The use of the prem-
ises by the debtor for the fifteen months after a sale under
an execution was deemed a necessary encouragement to
the debtor, to prevent the property from being left unculti-
vated. (2 *R. S.* 260, § 22.) And without such use the
right of redemption would be a mere mockery.

The Chancellor. The reason why no opinion was ex-
pressed by this court, upon the question now under consid-
eration, in the case of the *Albany City Bank* v. *Schermer-
horn*, (9 *Paige's Rep.* 379,) was not because I had any
doubts on the subject, but because the question did not

1844.

Farnham
v.
Campbell.

arise upon the proceedings then before me. The object of the legislature, in giving to the owner of real estate sold on execution the right to redeem the same within a limited time, was not to give to an insolvent debtor the rents and profits of his property during fifteen months, to the prejudice of the just rights of his creditors; but it was to secure a sale of the property for something like its real value. It is well known that previous to the passage of the redemption law, real estate in the country, when sold upon execution, was generally bid in by the creditor for a mere nominal price; leaving the judgment still standing against the unfortunate debtor and his future earnings for nearly its whole amount, although the actual value of the property was frequently more than the whole amount of the plaintiff's debt and costs. But under that law, which allowed the right of redemption to the defendant, and to his other creditors who had obtained liens upon his property, the owner of the oldest judgment was compelled to bid something like the cash value of the property, to entitle him to the benefit of the lien of his judgment thereon as against other creditors. No injustice, therefore, is done to the creditor by making it necessary for him to bid to the amount of the cash value of the property, subject to the right of redemption and of the possession of the premises for the fifteen months, to obtain the benefit of the prior lien of his judgment; where the property, subject to such right, is worth enough to pay his whole debt and costs. But where the present value of all the debtor's property with the right to the immediate possession thereof, is insufficient to satisfy his honest debts, it would be manifestly unjust to give the debtor the whole rents and profits of his property for fifteen months, leaving a part of the debts due to his creditors unpaid. And it not unfrequently happens that the debtor who thus attempts to retain the use of a portion of his property, when the whole is not sufficient to satisfy the just claims of his creditors, does it at the expense of the honest mechanic or laborer; the recovery of whose debt may be necessary to save himself from bankruptcy and his family from want. Courts of justice,

therefore, have no right to presume that the legislature intended to protect any part of the debtor's property from the just claims of his creditors. I admit the power of the legislature over the remedies of the creditor is very broad. But until they say so, in terms which cannot be misunderstood, it is our duty to suppose they could not have intended to interfere with the just rights of either debtor or creditor in prescribing the remedies of the latter. And upon what principles of justice or equity can the debtor claim to retain the whole rents and profits of a large real estate, for the period of fifteen months, when such rents and profits are necessary to pay the debts which he honestly owes to his creditors?

Independent of the provisions of the revised statutes, the court for the correction of errors, in the case of *Hadden* v. *Spader*, (20 *John. Rep.* 554,) held that a judgment creditor, whose execution had been returned unsatisfied, might come into chancery to reach an interest of the debtor in property which could not be sold under the execution at law. And in the case of *Edmeston & Ridde* v. *Lyde & Walton*, (1 *Paige's Rep.* 637,) which was decided the year before the revised statutes went into operation, this court held that the judgment creditor could file such a bill here to reach an interest of the debtor in real estate. Although the provision of the revised statutes speaks of decreeing satisfaction out of personal property, money or things in action, whether the same were originally liable to be taken in execution or not, it is every day's practice to decree satisfaction of such judgments out of beneficial interest of the judgment debtor in real property, which interest cannot be reached by execution at law. And such is the nature of the interest sought to be reached in the present case.

The exception, in the order of the vice chancellor, is therefore erroneous, and such order must be reversed, with costs. And the defendant must be directed to assign and deliver over the excepted property to the receiver, including the rents and profits thereof which have accrued or become due subsequent to the filing of the complainant's bill, as

1844.

Farnham
v.
Campbell.

well as those which were due before ; and the tenants must be directed to attorn to the receiver and pay the rents to him. And the proceedings are remitted to the vice chancellor.