Noyes *v.* Rich.

---◆---

JOSEPH C. NOYES, *Receiver*, *versus* JOHN P. RICH.

In a suit in equity in its nature *in rem*, when a receiver is appointed, the right to the custody of the property *in controversy* vests in him immediately upon the filing of his bond.

Mortgagees are not entitled to the rents and profits of the estate received by the mortgager, while in possession.

The receiver, appointed in a suit in equity to foreclose a mortgage of a railroad, cannot maintain a suit to recover earnings of the road accruing before his appointment.

UPON FACTS AGREED. ASSUMPSIT to recover · certain moneys received by the defendant, as earnings of the York & Cumberland Railroad, while he was superintendent thereof. The facts are sufficiently stated in the opinion.

*Barnes,* for plaintiff.

*Fox,* for defendant.

The opinion of the Court was drawn by

DAVIS, J.—In the suit in equity of *Mason & als.* v. *Y. & C. Railroad Co. & als., ante p.* 80, the plaintiff was appointed a receiver, and was ordered to take certain property of the corporation into his possession. The defendant had possession at the time, as superintendent of the railroad; and he also had money in his hands amounting to about seven hundred dollars, which had accrued by operating the road. This he refused to deliver to the receiver; and this suit is brought to recover it.

In a suit in equity, in its nature *in rem,* when a receiver is appointed, the right to the *custody* of the *property in controversy* vests in him immediately upon the filing of his bond. *Albany Bank* v. *Schermerhorn,* 1 Clark's Ch., 297. And he may, by order of Court, bring a suit for it in his own name. *Green* v. *Bostwick,* 1 Sandf. Ch., 185.

But this right of custody extends only to the property which is the subject matter of the litigation. Under a general creditor's bill, to recover the entire property of a debtor, the receiver is entitled to the whole of such property. *Chipman* v. *Sabbaton,* 7 Paige, 47. So assignees in bankruptcy, or insolvency, take the whole estate. So would receivers of banks, under our statute, have the right to the custody of the entire corporate property, of whatever kind.

The suit of Mason and others is not a general creditor's bill, though analogous to one. They bring it, not in behalf of *all the creditors* of the corporation, but in behalf of *certain specified creditors.* Nor does it seek to reach *all the*

*property* of the corporation, but *certain specified property*, mortgaged in trust for their benefit, by a deed to Myers, dated Feb. 6, 1851. The right of the plaintiffs cannot extend beyond the property mortgaged; and the right of the receiver must necessarily have the same limitation.

There are certain *defendants* in the equity suit, trustees under a subsequent mortgage, who have *other conveyances* from the railroad company. Whether *they* can hold the money in the hands of the defendant, in any adjustment or controversy with him, it is immaterial now to inquire.

The mortgage, of which Mason and others claim the benefit, was afterwards assigned by Myers, by his deed to the trustees referred to, and to other parties who also deeded to said trustees. But the assignees did not take possession of the railroad, under the mortgage, for condition broken. Smith and Myers undertook to take possession; but it was after the mortgage had been assigned, and so no rights were affected by it.

It will hardly be contended that, while mortgagers remain in possession, they can be compelled to pay the rents and profits of the property to the mortgagees. *Boston Bank* v. *Reed*, 8 Pick., 459; *Mayo* v. *Fletcher*, 14 Pick., 525. And yet, that is just what is attempted in the case at bar. No one had ever rightfully taken possession under the mortgage, until it was done by the receiver, in March, 1860. The money in the defendant's hands accrued from the earnings of the road prior to that time. The mortgage did not attach to it. Therefore it was not embraced in the subject matter of the suit in equity; and the receiver was not entitled to it. *Plaintiff nonsuit.*

TENNEY, C. J., RICE, APPLETON, GOODENOW and WALTON, JJ., concurred.