## R. S. Weakley *vs.* Sandy Cockrill.

### April Term, 1875.

DEBTOR'S RIGHT TO REDEEM LAND SOLD BY EXECUTION MAY BE REACHED IN
EQUITY.—A creditor who has sold his debtor's land by execution, and
become the purchaser, may, by bill under the Code, § 4282, *et seq.*, subject
to the satisfaction of the residue of his judgment the equitable interest of
the debtor in the land by virtue of his right to redeem.

SAME—QUESTION RESERVED.—The question is reserved whether the lien upon
the debtor's right to redeem land sold by execution, acquired by the filing of
a bill in equity, affects the right of other judgment creditors to redeem.

*R. McP. Smith*, for complainant.
*S. Watson, jr.*, for defendant.

THE CHANCELLOR :—The principal question raised by the
demurrer in this case has been discussed with marked
ability by the counsel on both sides.   That question is,
whether a debtor's right to redeem his land, within two
years after sale by execution, can be subjected, by bill in
this court, to the satisfaction of the residue of the judg-
ment under the execution on which the legal interest of the
debtor in the land had been sold, and bid in by the judg-
ment creditor.   The facts are that the complainant, having
a judgment for several thousand dollars against the defend-
ant, causes execution to issue and be levied on the land, and
at the sale bids it off at $25, and then, upon a return of

*nulla bona* as to the residue of the execution, files this bill
to subject to the satisfaction of that residue the defendant's
right to redeem. The defendant has demurred to this bill,
assigning as causes, first, that the interest of the debtor is
not such as to fall within the provision of the Code, § 4282,
*et seq.*, and, secondly, if it be, that the Code, § 2124,
*et seq.*, gives the debtor two years to redeem, and that
the right claimed to acquire a lien by a bill in this court is
incompatible with the right to redeem. The argument
involves the consideration of the nature of the debtor's
interest in the land after sale, and also whether, if it be
such as could be subjected by the creditor in this court, the
exercise of the jurisdiction is consistent with the policy
of the redemption laws. Both branches of the argument
present novel and interesting questions for discussion, by
no means free from difficulty.

The act of 1820, ch. 11, was the first act of the legislature
in this state providing for the redemption of real estate
after a sale by execution, and it has formed the basis of our
redemption laws ever since. In *Hawkins* v. *Jamison*, M.
& Y. 83, Judge Crabb took occasion to say that the act
was very inartificially worded, and that it was extremely
difficult to ascertain what, in some respects, was the inten-
tion of the legislature. This language has been repeated
in substance in subsequent cases, without the court under-
taking to construe the act as a whole, leaving each case to
turn upon its own facts. The result has been that, while
there is little conflict in the decisions, the reasoning on
which the decisions rest, and the principles which underlie
them, are not in strict accord.

In the earliest case already cited Judge Crabb says that
the relations of the debtor and purchaser after sale cannot
be likened to those of mortgagor and mortgagee, or pledgor
and pledgee. "The fact is," he adds, "the act in question
is *sui generis*, and the rights arising under it of a peculiar
nature. The purchaser is the legal owner of the property
sold under execution, by virtue of the deed from the sheriff,

·as heretofore, subject to the equitable right of the debtor ·to reclaim, or repurchase it, upon the terms specified in the act.''

One line of our decisions has taken up the first idea here ·expressed, that the purchaser is the legal owner of the land, ·and has carried it out to all its logical sequences. The right of the debtor, in this view, is a mere liberty to repurchase, and the condition must be strictly performed within ·the time limited, or it is gone forever. A tender of bank-notes was, therefore, held not to give the debtor any equity under the statute. *Lowry* v. *McGhee*, 8 ·Yerg. 245. And, ·even if a good tender has been made, the money must be ·brought into court upon bill filed. *Simmons* v. *Marable*, 11 Humph. 436. The purchaser in possession is, moreover, not liable for waste if the land is redeemed. *Kannon* v. *Pillow*, 7 Humph. 281, overruling the previous case, holding ·directly the contrary, of *Sherats* v. *Firestone*, 7 Humph. 293. Following out the same train of reasoning, an act extending the time of redemption on account of the anarchy of ·the late civil war, after the expiration of the two years, was held unconstitutional and void. *Reynolds* v. *Baker*, 6 ·Coldw. 221. The learned judge who delivers the opinion ·of the court in this case says, *arguendo:* '' The right of the debtor to redeem is not an equity of redemption in the sense of the law of mortgage. It is not an estate or interest in the land. The whole interest is vested in the purchaser by the sale. The right of the debtor is strictly a right of repurchase.'' And yet the same eminent judge, ·in the progress of his opinion, concedes that, if the redemption in time is prevented by the fraud of the purchaser ·( *Guinn* v. *Locke*, 1 Head. 110), or by an agreement, even in parol, to extend the period ( *Haywood* v. *Ensley*, 8 Humph. ·460), or perhaps by duress, imprisonment, or overwhelming power, the right may be saved.

On the other hand, there is a longer line of decisions ·taking up Judge Crabb's second suggestion of the '' equita-·ble right '' of the debtor, and carrying it out to its logical

results. In *Elliott* v. *Patton*, 4 Yerg. 10, the very next case which came before the courts, it was expressly held that the right to redeem after sale, which the learned judge who delivers the opinion calls the " equity of redemption," descends, upon the debtor's death, to his heirs, and cannot be reached by judgment creditors until the plea of fully administered is found in favor of the personal representative. The right of a judgment creditor of the ancestor to redeem under the statute is lost, because the right of the judgment debtor, upon which the creditor's right is thus made to depend, had descended as realty to his heirs. In *Pillow* v. *Langtree*, 5 Humph. 389, in strict accord with this view, the right to redeem was held to pass, under the bankrupt law of congress then in force, to the assignee in bankruptcy, under a provision of the law " that all the property and rights of property, of every name and nature, and whether real, personal, or mixed," shall, by operation of law, vest in the assignee. And the same conclusion has been reached under the present bankrupt law. *Toombs* v. *Palmer*, 4 Heisk. 331. In both cases the rights of the creditors of the debtor to redeem were considered as cut off, because the debtor's right had passed, as property, to the assignee. Following this lead, it was held in *Jones* v. *Planters' Bank*, 5 Humph. 619, that a conveyance, by the debtor, of the land *before* the execution sale, and, in *Kennedy* v. *Howard*, 6 Humph. 64, a similar conveyance of the land *after* the execution sale, would vest the grantee " with the equitable estate of the defendant in the execution." In *Hepburn* v. *Kerr*, 9 Humph. 726, 730, these rulings were reaffirmed. And in *Huffacre* v. *Bowman*, 4 Sneed, 89, the right of the judgment debtor to assign his equity of redemption was considered as a settled question, and the court add : "And if this right be once fairly extinguished in the judgment debtor, can it be held to exist in favor of his creditors? To affirm that it might continue to exist in favor of creditors, though extinct as to the debtor, through whose right the equity of the creditors is to be wrought out, would

seem to be absurd." And so, accordingly, it was considered in *Birdwell* v. *Cain*, 1 Coldw. 301 ; *Graves* v. *McFarlane*, 2 Coldw. 167 ; and *Toombs* v. *Palmer*, 4 Heisk. 331. Judge Reese had long before, in *Pillow* v. *Langtree*, 5 Humph. 391, expressed the controlling idea : "The legal basis of the whole matter is the debtor's right of redemption." The ultimate object of the act was to restore the land to the debtor, or secure to him the benefit of its actual value over the price bid at the execution sale, and if he obtained this benefit by a voluntary sale of it or of the land, or if the right passed from him by death or the operation of the bankrupt law, the rights of judgment creditors could no longer exist. See *Miller* v. *Lewis*, 4 N. Y. 554.

These decisions leave no room for doubt that the right of the debtor to redeem his land sold by execution is an equitable interest in the land itself, which passes by a conveyance of the land by the debtor either before or after the execution sale, and descends to heirs. The contrary intimations in the other line of decisions are not based upon any sound principle, although the decisions themselves may be correct. The decision, about the correctness of which there is, perhaps, the most doubt—the point having been ruled both ways by the same court—has ceased to be of any practical consequence, the purchaser being now, by statute, held liable for rent and waste during the two years allowed for redemption.

If the interest of the judgment debtor in real estate sold under execution be an equitable interest which he may convey, and which passes by a conveyance of the land by him, and by operation of law, so as, in all these cases, to cut off the right of the debtor's judgment creditors to redeem, it is difficult to see why it would not fall within "the property" which may be reached by a judgment creditor through the instrumentality of this court, under the Code, § 4282, *et seq.* These sections broadly confer upon this court the exclusive jurisdiction to aid a judgment creditor to subject the property of the judgment debtor which cannot be reached

by execution to the satisfaction of his judgment, and this whether the property could, if in the defendant's possession and with the legal title vested in him, be levied upon by execution or not. The limitations upon the jurisdiction contained in § 4283 have no bearing upon such property. These provisions of the Code were intended to enable a judgment creditor, through the aid of this court, to reach all the property of the debtor not liable to execution at law, subject only to the restrictions of § 4283, which restrictions have no bearing on this case.

It is argued, however, that the Code, §§ 2124, 2136, gives the debtor whose land has been sold by execution two years after the sale to redeem, and that, if the court undertakes to allow one of the judgment creditors of the debtor to acquire a lien, by the filing of his bill, on the debtor's interest, the time thus conceded by the statute is curtailed. But we have seen that the debtor himself, by his own voluntary act, may, at any moment, deprive himself of the right, and thereby cut off his creditors also. If he may sell his interest with this result, there is no reason why the court may not sell it for him. Obviously, according to the decisions, the time of two years is not the essence of the right conceded by the statute. The substantial object of the law is to give the debtor the benefit of the real value of the property, and if he obtains this by a voluntary sale, or by a sale which secures the same end, the law is satisfied. The only remedy of a judgment creditor who is himself unable to redeem, and there are many such cases, is through the aid of this court. Such a bill in no way interferes with the debtor's right to redeem, which may be exercised up to a sale of his interest; it only gives a creditor the benefit of the redemption. The right to file the bill is as much given by express statute to the creditor as the right to redeem is given by statute to the debtor and creditor. The two rights may well exist together. And, as suggested by Judge Reese in delivering the opinion of the court in

*McNairy* v. *Eastland*, 10 Yerg. 319, it can hardly be supposed that a creditor who could with safety redeem merely by following the directions of the statute, and had the means to do so, "would choose to incur the certain expense, trouble, and delay" of coming into chancery. "If," he adds, "it appeared in any case that the jurisdiction of the court was capriciously resorted to, we would not say that chancery would not stay its hand, and direct the plaintiff to seek his satisfaction at law." And, at any rate, the court has a remedy for the unnecessary expense of a resort to its forum by its discretion in the matter of costs. I am of opinion, therefore, that a judgment creditor is not compelled to bid his debt, or advance his debt upon a bid, where he becomes the purchaser of his debtor's land under his own execution, nor to redeem the land if a third person become the purchaser, but he may file his bill in this court, and subject the debtor's interest in the land so sold to the satisfaction of his judgment, under the Code, § 4282. And see *Farnham* v. *Campbell*, 10 Paige, 598, for the New York practice under similar statutes.

By such a bill, under § 4286, the creditor acquires a lien on the debtor's right of redemption in the land from the filing of the bill, or date of the judgment, according to the provisions of the statute. But I do not now undertake to decide whether that lien affects the right of other judgment creditors to redeem for themselves, under the Code, § 2124, *et seq.*, before there is a sale made of the interest under a decree of the court. It may be that the lien is only on the debtor's ultimate right of redemption, and does not prejudice the rights of other creditors. Such other creditors are not now before the court, and no decision can be made in this cause which will be binding on them. A creditor who resorts to this mode of redress must take that risk, as well as the risk that the litigation may not terminate within the two years, and that the debtor may refuse to redeem. With these dangers ahead, there is not much fear that the present

experiment will be repeated, unless, indeed, there are insuperable obstacles, such as the inability of the creditor to redeem or the doubtful character of the debtor's title, in the way of a direct redemption.