Bailey Johnson and wife *vs.* A. C. Tucker and another.

April Term, 1875.

Receiver in behalf of a judgment creditor.—A judgment creditor who has
filed his bill to reach the equitable interest of his debtor in realty previously
mortgaged is entitled to a receiver, if the rents are required for the payment
of his debt, subject to the right of the prior mortgagee to take possession;
but the receiver will be dispensed with upon the owner of the property giving
bond with security to account for the rents.

Receiver—Failure to pay taxes.—The failure of the party in possession of
land in litigation to pay the taxes accruing thereon is a sufficient ground for
the appointment of a receiver.

*J. P. Helms*, for complainants.
*M. M. Brien, jr.*, for defendants.

THE CHANCELLOR :—Bill of a judgment creditor, after a return of *nulla bona* at law, to subject certain realty of the judgment debtor alleged to have been conveyed to the co-defendant, ostensibly in mortgage to secure a loan of money, but in reality to hinder and delay creditors. The application is now to have a receiver appointed, upon the ground, as shown by the admissions of the answers, that the debtor owns no other property, and that the property is inadequate, without the rents, to satisfy the debt of the complainants, and the mortgage debt if held valid, as both defendants insist it is.

All the courts in this state are authorized by statute to appoint receivers in a proper case, and the appointment may be made in vacation or in term. Code, §§ 3768, 3948, 4452. And the supreme court has held that a receiver may be appointed at any stage of a cause when the facts justify the appointment, and that the inadequacy of the property without the rents is a sufficient ground, at the instance of a creditor having a lien on the property by contract, to appoint a receiver for the accumulation of the rents and profits. *Henshaw, Ward & Co.* v. *Wells*, 9 Humph. 568, 579.

Our act of 1832, carried into the Code in § 4282, is borrowed substantially from a statute of New York, as will be seen in Edw. on Rec. in Eq. p. 397, where the statute is quoted. Although the provisions of this statute speak only of personal property, whether the same were originally liable to be taken in execution or not, it is, says Chancellor Walworth, every-day's practice to decree satisfaction of judgments out of beneficial interests of the judgment debtor in real property which cannot be reached by execution at law. *Farnham* v. *Campbell*, 10 Paige, 598. And the Chancellor held, in this case, that the judgment creditor, after the return

of his execution unsatisfied, could acquire a lien by bill on the rents and profits of the real estate of the debtor during the time allowed by law to redeem the premises after a sheriff's sale. It is, also, in that state a matter of course, upon such a bill, to appoint a receiver of the defendant's property, if the equity of the bill is not denied upon the hearing of the application. *Bloodgood* v. *Clark*, 4 Paige, 574; *Fitzhugh* v. *Everingham*, 6 Paige, 29; *Chipman* v. *Sabaten*, 7 Paige, 47.

In this state, where the judgment lien on equitable realty, as I have recently held in *Stark* v. *Cheathem*, 2 Tenn. Ch. 300, has been recognized by the courts, from an early day, even without a return of *nulla bona*, and confirmed by statute, the same course of decision would seem even more logical. *McNairy* v. *Eastland*, 10 Yerg. 310; *Embree* v. *Reeves*, 6 Humph. 37; *Chapron* v. *Cassaday*, 3 Humph. 661, 665; Code, §§ 2984, 2986, 4286. And it is a matter of every-day practice, where, as in this case, the property is charged to have been conveyed with a fraudulent intent to hinder and delay creditors, to impound the property, if necessary for the protection of the suitors. Code, § 4288.

There is nothing in this case to take it out of the rule, the equity of the complainant growing out of his judgment not being met, and the liability on which the complainant's judgment rests having been created previous to the adoption of the constitution of the 5th of May, 1870, and given the complainant a vested right not to be affected by the homestead provision of that instrument. That the debtor owns no other property, and that the security is inadequate if the mortgage be valid, are admitted.

The appointment of a receiver may be dispensed with, however, if the defendant in possession will give security to account for the rents and profits. *Sea Ins. Co.* v. *Stebbins*, 8 Paige, 565; *Overton* v. *Bigelow*, 10 Yerg. 54; *Williams* v. *Noland*, 2 Tenn. Ch. 151. Our statutes, which allow the owner of property in *custodia legis* to regain pos-

session upon giving a sufficient bond to have it forthcoming to meet the creditor's demand, or to pay that demand, are in accord. Code, §§ 3044, 3509, 4447.

The appointment of a receiver for an equitable creditor is always without prejudice to persons having prior legal estates, or prior equities. *Davis* v. *Duke of Marlborough*, 2 Swans. 108, 137; *Berney* v. *Sewell*, 1 J. & W. 648; *Cortleyeu* v. *Hathaway*, 3 Stock. 39. A prior mortgagee may always assert his prior legal right to possession by suit at law, or by applying to be examined *pro interesse suo. Anonymous*, 6 Ves. 287; *Angel* v. *Smith*, 9 Ves. 336.

As against the defendant Tucker the complainant is entitled to a receiver, unless the defendant will enter into bond with good security, in a sufficient penalty, to account for the rents, if so required, on final hearing.

The answers of the defendants do, however, meet the equity of the bill so far as the mortgage to the defendant Moore is concerned, and she, having the prior legal right as mortgagee, is entitled to the possession of the property, if she chooses to take it. In that event she will be charged with the reasonable rent of the premises, as a credit on her debt, from the time she takes possession until final hearing. No security will be required from her, if she elects to go into possession. For, if her debt be valid, it will be credited with the rents; and, if it be invalid, the property itself, without resort to the rents, will secure the complainants' debts.

If either of the defendants elect to hold possession of the premises, under the foregoing rulings, he or she will be required to keep down the taxes, and a failure to do so will be a sufficient ground for the appointment of a receiver, and leave will be given the complainant to renew his application upon the happening of this contingency. For a neglect to pay the taxes may result in the loss of the property, by a title against which the *lis pendens* would be of no avail.