WORMSER v. MERCHANTS NATIONAL BANK.

|    |     |
|----|-----|
| 49 | 117 |
| 61 | 195 |

|     |     |
|-----|-----|
| 49  | 117 |
| 67  | 328 |
| d67 | 339 |

RECEIVERS: *Funds improperly held by.*

A receiver should not be appointed to take charge of property which is not the subject of litigation. And where, on the application of a secured creditor, *all* a debtor's property is improperly placed in the hands of a receiver, the latter will not be permitted to retain a fund not derived from the property held as security, and which may be subject to the payment of general creditors. Upon the application of unsecured judgment creditors, who have sued out executions, the receiver will therefore be directed to pay their claims in the order of their priority out of such fund, with no allowance therefrom for costs.

APPEAL from *Pulaski* Chancery Court.

D. W. CARROLL, Chancellor.

*Collins & Balch* and *George H. Sanders* for appellants.

1. The bill filed in this case was not sufficient to authorize the appointment of a receiver by the court. It is evident that the receiver was appointed more for the benefit of the defendant corporation than for the protection or interest of the bank, or the other creditors.

There is no statute authorizing such sweeping jurisdiction on the part of the Chancery Court. *Mansf. Dig., secs. 5277 to 5287.* The court had no authority thus to virtually dissolve a corporation, and take the management of its affairs from its

own officers, and intrust it to the control of a receiver. *53 Cal., 546; 49 Conn., 325; 130 Mass., 194; 43 Barb., 504; 50 id., 158; 52 id., 639; High on Rec., secs. 288, 301; 38 N. J. Eq., 309; 37 id., 1; S. R. 5 Ch., 621; Morawetz Priv. Corp., secs. 560, 578; 7 Gray, 399.*

2. The appointment should only have extended to the property embraced in the deeds of trust. *High on Rec., sec. 378; 52 Me., 115; 5 Mo. App., 1; 1 Green Ch., N. J., 173; 23 Barb., 591; 19 Cal., 145; 8 Bissell, C. C., 247; Morawetz on Priv. Corp., sec. 659, note 2.*

The filing of the bill in chancery to discover assets, and subject them to the payment of their judgments, gave appellants priority over all other creditors, and a lien upon the funds sought to be subjected. *Wait's Fr. Conv. and Cr. Bills, secs. 61, 68; 2 Wall, U. S., 249; Wait's Act. and Def., vol. 2, 428.*

BUNN, Special Judge. It appears that the defendant, the Van Etten Lumber and Shingle Company, being indebted to the plaintiff bank in the sum of $62,150, as evidenced by its three several promissory notes, all due 30th August, 1884, on the 31st July, 1884, executed, acknowledged and delivered to plaintiff, John M. Rose, as trustee, its deed of trust to secure said notes, in which it conveyed a large amount of property, both real and personal, situated in Pulaski, Prairie and St. Francis counties, in the State of Arkansas. This was also to secure all other indebtedness that might become due the plaintiff bank by the defendant company. This deed of trust authorized the trustee after default of payment, to take possession of said property and sell the same in the manner and on the terms therein named.

That, being indebted in the further sum of $8600, as evidenced by its note, the defendant lumber company, in order to secure the same, executed to said John M. Rose, as trustee,

another deed of trust on the 9th of July, 1884, in which certain other property was conveyed.

That on the 23d of October, 1884, its claims against the defendant lumber company, amounting at the time to $84,000, the plaintiff bank and the plaintiff trustee filed their bill in the Pulaski Chancery Court, praying for the appointment of a receiver to take charge of, manage and dispose of all of the property of defendant lumber company, alleging that all of any material value was embraced in said deeds of trust; and further alleging that said property would be insufficient to pay said debts; that defendant lumber company was indebted to various other parties, none of whose claims were secured, but that some of them were then prosecuting and others threatening to prosecute their claims to judgment; that it would be detrimental to defendant lumber company and said creditors to attempt to sell said property under said deeds of trust, and that it would, in fact, be with great difficulty that such sale could be made, on account of the status and situation of said property. Plaintiffs therefore ask that said receiver be appointed, with power to dispose of all the property of said defendant lumber company, and in the meantime to carry on the business thereof, which appears incidentally, to be a corporation.

All the creditors of defendant lumber company appear to have been made parties to the proceeding.

The prayer of the bill was granted by the court.

The appellants, Block Bros. and Weeks & Co. first moved the court to discharge the receiver on the grounds that the case is not such as to warrant his appointment, and afterwards, they and appellants, Wormser & Sons, by their separate but subs.antialy the same petitions, represented to the court, that there was collusion between plaintiff bank and defendant lumber company in procuring the order appointing the receiver;

that plaintiff bank's demand was in fact simulated and that there was other security for the same other than that named in the bill; that appellant Wormser & Sons' claim was for the purchase money of certain personal property then in the hands of the receiver under said order; that the receiver had in hand property and proceeds of property not included in said deeds of trust, amounting to about $4000; that appellants. Wormser & Sons, had obtained judgment against defendant lumber company for $1161.90 and $10 costs, in the Pulaski Circuit Court, on the 23d of October, 1884, which they claimed specially to be a lien on said certain personal property in the hands of the receiver, as purchase money; and that appellants, Block & Bros. and Weeks & Co., had obtained judgments in the Pulaski Circuit Court on 2d of January, 1885, the first for the sum of $1154.48 and costs, and the last for $727.55 and costs; that all the appellants had caused executions to be issued on said judgments and to be placed in the hands of the Sheriffs of Pulaski, Prairie and St. Francis counties, but that the same could not be levied because the property of the defendant lumber company was in the hands of the receiver as aforesaid. Appellants asked that the receiver be made to report the property he had on hand not embraced in plaintiff's mortgages (the receiver reported the sum of $3325.33), and that the same be appropriated to the payment of their judgments.

The prayers and petitions of the appellants were all denied by the court, and they jointly appealed.

While the court desires to say that, in its opinion, the bill does not disclose such a case as warrants the appointment of a receiver; and while the object of the bill as shown on its face is not in all respects a strictly proper one to be attained by equitable interposition, yet as all the parties to this proceeding, except the appellants, seem to acquiesce therein, and since the prayer of the appellants is mainly granted herein, we deem it best to let the cause proceed in the court below, under the

receivership and the further directions and orders of that court; except in so far as concerns the fund in 'the ·hands of the receiver, the proceeds of property not embraced in the deeds of trust of the appellee bank.

In proper cases coming under the statute and the well es- RECEIVER: tablished equity doctrines, receivers are appointed to take charge of, manage and dispose of, property which is the subject of litigation, under the direction of courts of equity, but the authority of the court does not extend to placing *all* property in the hands of receivers; that which is not, as well as that which is specially bound for the payment of claims.   In this case, the receiver, under the orders of the court below, has in his hands property neither embraced in the plaintiff's mortgages, nor, so far as we can know, protected from the remedies of other creditors by any other contract or legal liens.

*[margin note: Fund improperly held by.]*

The effect of the appointment of the receiver is plainly to prevent judgment creditors from levying their executions on property subject thereto, so far as the parties are concerned. We do not think this ought to be permitted.   It is only the property in litigation, in this case the mortgaged property; that should be placed in the hands of the receiver.   See *Joseph C. Noyes, Receiver, v. John P. Rich, 52 Me., 115; High on Receivers, sec. 378.*

The $3325.33 in the hands of the receiver, not being properly the subject matter of the jurisdiction of the court below, in this particular proceeding, and consequently a fund not properly in the hands of the receiver, it is subject to the payment of the claims of the general creditors of the defendant, the Van Etten Lumber & Shingle Co., to be paid on the same in the order of their priorities.   From all that appears to this court, the appellants, as judgment creditors of defendant lumber and shingle company, have prior claims on said fund to the plaintiffs or the other defendant creditors.   Nor is that fund to be diminished by deduction of allowances to the receiver,

or costs of court, so far as affects appellants, for the possession of the receiver being wrongful as to appellants, he must look elsewhere for reimbursement for his trouble, as must the officers of the court.

The decree of the court below, in so far as it denies to the appellants the right to have the money in the hands of the receiver, not derived from the property included in plaintiff's mortgages, appropriated to the payment of their debts, according to their just priorities, is reversed, and the cause is remanded with directions to cause said receiver to forthwith pay off the claims of appellants out of said fund as far as may be, subject only to such prior judgments and special liens as may exist on the property of defendant lumber and shingle company from which said fund, in the hands of the receiver, was derived.

BATTLE, J., did not sit in this case.