[No. 1273, February 28, 1910.]

# E. J. PRING and RACHAEL PRING, Appellants, v. M. B. GOLDENBERG COMPANY, 'Appellee.

## SYLLABUS (BY THE COURT.)

1. The judgment of the District Court that the plaintiff have specific performance of the defendant's written agreement to convey certain land to it, is not, strictly, open to reversal by this court, since it is based on substantial evidence; but even if it were so open, the weight of evidence would require the same judgment.

2. The amount of the judgment for damages rendered in the District Court is not warranted by the evidence, and the cause is remanded for the correction of the judgment in that particular.

Appeal from the District Court for Quay County before E. A. Mann, Associate Justice. Affirmed upon remitittur.

C. C. Davidson for Appellants.

Referee having made no findings and witnesses not having been before the lower court, appellants request appellate court to examine evidence. Laws of 1907, ch. 57, sec. 38.

The means employed and the agencies invoked to drive an unconscionable bargain established those material facts upon which it is the natural doctrine of equity to refuse specific performance. Warden v. Waffle, N. Y. 6 How. 145-151; Words and Phrases, vol. 45, 4404-4407; Hall v. Grayson Co. National Bank, 81 S. W. Rep. 762; Watson v. Molden, 79 Pac. 503; Weise v. Grove, 123 Iowa

585, 99 N. W. 191; Jesse French Piano & Organ Co. v. Nolan, 85 S. W. 821; Trimble v. Reed, 31 S. W. 861; Cooper v. Schlesinger, 111 U. S. 248 28 L. ed. 382; Words and Phrases, vol. 3, 2670; Cavvot v. Christy, 42 V. 121, 1 Am. St. 313; U. S. v. Beang, 71 Fed. 160; Jeremy Equity, B. Pl. 2, p. 358; Words and Phrases, vol. 29, 2944; Ellis v. Andrews, 56 N. Y. 83; Heath v. Schroer, 96 S. W. 313; Bowman v. Irons, 2 Bibb. 551; Carberry v. Taunschill, 1 Hart & John. 224; Louisville N. A. & C. Ry. Co., v. Rodenschatz Bedford Stone Co., 141 Ind. 251, 39 N. E. 703; Clarksaddon v. Kennedy, 40 N. J. Eq. 259; Sargent v. Kansas Midland R. Co., 48 Kan. 672, 29 Pac. 1063; Ratliff v. Vandikes, 89 Va. 307, 15 S. E. 864; Grand Tower & C. G. R. Co. v. Walton, 150 Ill. 428, 37 N. E. 920; Brown v. Pitcairn, 148 Pa. 387, 24 Atl. 52, 33 Am. St. 834, 30 Wkly., Note Cas. 35; Wiley v. Clements, 79 Pac. 850; Kelly v. Kendall, 118 Ill. 650, 9 N. E. 261; Fitzpatrick v. Beatty, 6 Ill., 1 Gilman 454; Plummer v. Keppler, 26 N. J. Eq. 481; Bird v. Logan, 35 Kan. 228, 10 Pac. 564; Hicks v. Turch, 86 Mich. 214, 49 N. W. 44; Marsh v. Buchan, 46 N. J. Eq. 595, 22 Atl. 128; Davis v. Reed, 37 Fed. 418; Merrit v. Wassenich, 49 Fed. 785; Hartmen v. Interstate Building & Loan Assn., 62 N. E. 64, 10 Am. Rep. 62; Pom. Eq. Jur., 2nd ed., sec. 876; 2 Story Eq. Jur. 750; 2 Kent Com. 491; Pom Eq. Jur., vol. 6, sec. 785; 4 Bauv. Inst. 167; Union Pac. Ry. Co. v. Barnes, 64 Fed. 80; City Nat'l. Bank v. Kusworn, 91 Wis. 166, 64 N. W. 843; Willink v. Vandever, 1 Barb. 509; Porter v. Beattie, 88 Wis. 22, 59 'N. W. 499; Page on Contracts, vol. 3, sec. 624; McCabe v. Matthews, 155 U. S. 550, 39 L. ed. 256; 177 U. S. 376, 44 L. ed. 312, 116 Fed 590; Hennessy v. Woolworth, 128 U. S. 438, 32 L. ed. 500; Willard v. Tayloe, 8 Wall. 557, 19 L. ed. 501; Holt v. Rogers, 8 Pet. 420; Pratt v. Carroll, 8 Cranch, 471; Marr v. Shaw, 51 Fed. 860; Pom. Eq. Remedies, vol. 6, sec. 787; Friend v. Lamb, 34 Am. St. 672; Cuff v. Dorland, 25 Atl. 577; Wollums v. Horsley, 20 S. W. 781; Pope Mfg. Co. v. Gormully, 144 U. S. 224, 36 L. ed. 414; Cathcart v. Robinson, 5 Pet. 264, 8 L. ed. 120; Matlock v. Buller, 10 Ves. Jr. 292; Day v. Newman, 2 Cox. Ch.

Cas. 77; Leicester Piano Co. v. Front Royal Riverton Imp.
Co:, 55 Fed. 190; Wells, et al. v. Houston, 69 S. W. 183;
Wigmore on Evidence, secs. 1057, 1064, 2588; White v.
Smith, 46 N. Y. 418.

HAWKINS & FRANKLIN for Appellee.

The question of damages and what shall constitute
damages are matters to be ascertained by the court in its
discretion. American-English Encyclopaedia of Law, 2nd
ed., vol. 26, p. 86; Worrall v. Munn, 38 N. Y. 138; Ash-
hurst v. Peck, 101 Ala. 499, 14 So. 541; and other cases
cited, Am. Digest, vol. 48, p. 578.

The appellate court will not review the decision of
the trial court when the same is founded on conflicting
evidence, and where there is evidence to support it and it
is supported by the pleadings. Newcomb v. White, 5 N.
M. 435; Lynch v. Grayson, 7 N. M. 27; Torlina v. Tror-
licht, 5 N. M. 149; Jarilla v. Barela, 6 N. M. 239; Brown
v. Lockhart, 12 N. M. 10; Carpenter v. Lindauer, 12 N.
M. 388; Marquis v. Land Grant Company, 12 N. M. 445;
Ortiz v. Bank, 12 N. M. 519. .

It is only when an oral agreement is clearly and sat-
isfactorily proved by testimony above suspicion and beyond
reasonable doubt that it will be enforced to establish
rights in land at variance with the muniments of title.
Moore v. Crawford, 130 United States 134; Lalone v.
United States, 164 United States 257; Ives v. Hazzard,
67 American Reports 504; Farrar v. Churchill, 135 United
States 615; Baltzar v. R. R., 115 United States 645; At-
lantic, etc., v. Brady, 107 United States 203; Howland v.
Blake, 97 United States 626; Western R. R. v. Babcock,
6 Metcalf 352; Eyre v. Potter, 15 Howard 42; United
States v. Hancock, 133 United States 197; Kent v. Las-
ley, 24 Wisconsin 654; English Equity Reports, vol. 7,
p. 254.

The mere fact that defendant entered into a losing
bargain or one where plaintiff will reap great gain is
clearly never a ground to refuse specific performance.
Ready v. Noakes, 29 N. J. Equity 499; Crouse v. Holman,

19 Ind. 38; Rou v. Seiderberg, 104 N. Y. S. 798; Hammond v. Decker, 102 S. W. 455; Pittsburg, etc., R. Co. v. Rose, 74 Pa. St. 369; Sharpe v. United States, 112 Federal 879; Cathcart v. Robinson, 5 Peters 271; Franklin Telephone Co. v. Harrison, 145 U. S. 472; Whitted v. Fuquay, 37 Southeastern 141; Lee v. Kirby, 104 Massachusetts 428; Southern Ry. Co. v. Franklin & P. R. Co., 32 S. E. 490; Ayres v. Baumgarten, 15 Illinois 447; Pomeroy's Equity, vol. 6, p. 1312, 3d edition; Searle v. Lackawanna & Bloomsburg Railroad Company, 9 Casey 57; East Pennsylvania Railroad Company v. Heister, 4 Wright 53.

### STATEMENT OF THE CASE.

This is an action to obtain specific performance of a written agreement for the conveyance of certain land at Tucumcari, in Quay County, between the plaintiff, the M. B. Goldenberg Company, here the appellee, and the defendants, E. J. Pring and Rachael W. Pring, husband and wife, here the appellants, and for damages for the failure of the defendants to perform their said agreement.

In addition to denying ownership of the property in question and the execution of the alleged agreement, the defendants answered that they were induced by fraud, deceit and misrepresentation to sign the agreement; that one Floersheim represented to them that the land in question was being purchased by one M. B. Goldenberg, as the agent of the Chicago, Rock Island and El Paso Railroad Company, and that said company desired to purchase the same for shop and terminal facilities, and that said Floersheim represented that if said railroad company could procure the same it would greatly enhance the value of the remainder of appellants' land lying between said railroad land and the main portion of the town of Tucumcari; and that, relying upon such representation, the said appellants entered into said agreement, and that thereupon the said appellants executed the agreement sued on; that said Pring, one of the apellants, was almost totally blind and could not read said contract, and that said contract was misread to appellants as a contract between appellants and

M. B. Goldenberg as agent for said railroad company, and not as a contract between appellants and appellee, and to describe eighty acres of land adjoining the homestead of one Wertheim, as said company should designate, and that appellants signed said contract believing it to be an agreement between them and said railroad company. They also allege that the sum of $2500.00 which was paid to them for said land, was a wholly inadequate price for it, unless it was actually to be sold to said railway company, and the value of their remaining land enhanced thereby, and that upon the discovery of the fraud, which they say had been practiced upon them, they tendered the $2500.00 which they had received to the plaintiff. The plaintiff replied, denying the fraud and misrepresentation alleged.

The case was sent to a referee, who took the evidence, and reported it to the court, which found the issues for the plaintiff, ordered the defendants to make conveyance in accordance with the terms of the agreement, and that they should pay to the plaintiff, as damages, six hundred dollars, from which order and judgment the defendants appealed.

#### OPINION OF THE COURT.

ABBOTT, J.—We notice, first, the claim of the appellants that the failure of the plaintiff to deny the allegation of their answer, in relation to inadequacy of consideration, left it judicially admitted, and they were not bound to offer proof of it. That question was not raised in the trial court, nor was it there suggested that inadequacy of consideration was not well pleaded, although the conditional form in which it is put, to say the least cast doubt on it. Both parties, however, in the trial seem to have assumed that inadequacy of consideration was a defense alleged in the case and to have introduced evidence on that assumption, without objection, on the ground that such was not the case. That objection cannot be made here for the first time, and we must treat the question of inadequacy of consideration as being before this court for review on the findings and evidence.

Taking up now the main issue in the case, that of

the fraud which the appellants allege was practiced upon them, we have first to consider what force shall be given to the finding of the trial court on that point. While it is true, as counsel for the appellants suggest that the court did not hear the witnesses but based its conclusion on the evidence as reported to it by the referee, it is also true that this court does not ordinarily sit to try questions of fact, and will not, even in such a case as the one at bar, disturb the findings of the trial court on questions of fact, unless it is very clear that wrong has been committed. Counsel for the appellants ask us to examine the case in accordance with the provisions of Chapter 57, Section 38, of the Session Laws of 1907, and that, of course, it is our duty to do. But while it is there provided that this court shall base its judgment in a case coming to it by appeal or writ of error "on the facts contained in the record alone", it is also provided that "it shall review said cause," namely, one tried by the court without a jury, "in the same manner and to the same extent as if it had been tried by a jury." And in Lynch v. Grayson, 7 N. M., p. 26, this court said: "It was not the intention of the territorial legislature, by the Act of January 5, 1889, section 4, providing that in cases where a jury has been waived, and the cause tried by the court, 'the Supreme Court' 'shall review said cause in the same manner, and to the same extent, as if it had been tried by a jury,' that the Supreme Court should pass upon the weight of the evidence introduced in the court below, but upon the sufficiency of the facts as found to support the conclusions of law." The language there considered is identical with that of the statute called to our attention bearing upon the question to be determined. The findings of the trial court in this cause therefore rest on the same legal basis as would the verdict of a jury, and that this court will not disturb the verdict of a jury which rests on evidence legally sufficient to sustain it, is too well settled to be open for discussion.

From the examination we have given the evidence in this case, however, we are convinced that even if the law were much more favorable to the appellants than it is in that particular, their evidence would not measure up to

its requirements.  As the authorities cited for the appellee abundantly show, the evidence of fraud "upon which to found a verdict or decree must be clear and convincing." Lalone v. United States, 164 U. S. 257.  See also, Farrar v. Churchill, 135 U. S. 615; Moore v. Crawford, 130 U. S. 134.  It falls far short of the standard thus established, in the case at bar, alike on the question of deceit and that of inadequacy of consideration, assuming the latter to be before this court.  The value of the testimony of E. J. Pring as an accurate and reliable account of the events with which it deals, is much impaired through other evidence in the case whose veracity there is no apparent reason to doubt, and even by comparison of some of its parts with each other.  Thus, he testified that Mr. Moore offered him $100.00 per acre for land, but on cross examination he said: "The other day I said to Moore, 'Will you give me one hundred dollars per acre for my land: He said he wanted some': That is the offer he made."  He also testified that Dr. Nichols offered him one hundred dollars per acre, and that he had expected to have him as a witness, but he was away.  Afterwards, against his objection, the case was re-opened before the referee, for the introduction of the testimony of Dr. Nichols who had been away but had returned.  He testified that he had made no offer whatever for the land. The evidence of Mrs. Pring is somewhat discredited by the fact that she obtained the written agreement on which the suit is founded from the plaintiff for the purpose of examining it, and then attempted to destroy it.  Even if she believed that it was procured by fraud, she should have been willing, in fairness, to have it used as evidence for what it was worth.  If she thought it proper to destroy that most important piece of evidence, it is only a fair inference that she was ready, perhaps under a feeling that she and her husband had been wronged, otherwise to take from or add to the evidence in the case without strict regard to facts.  16 Cyc. 1058-9.  There is a great discrepancy between the sworn statements of the Prings in their answer and their testimony on material points.  They alleged that the original misrepresentation was made to

them by Floersheim to the effect that M. B. Goldenberg wished to buy their land for use by the Chicago, Rock Island & El Paso Railroad Company, when they three were by themselves at the residence of the Prings; that they said they would sell to Goldenberg for that purpose; that Floersheim then telephoned Goldenberg, who came to the house, drew up the agreement, said he was representing the railroad company, and read the agreement to them as one between them and himself as the agent of the railroad company. The agreement was in evidence, and was between them and the Goldenberg Company, without any mention of any railroad company. Floersheim and Goldenberg both testified that while they and the appellants were together about the matter, there was nothing said about any railroad company, that the agreement was correctly read by Goldenberg and that Mrs. Pring then read it, her husband being unable from blindness, to read. The appellants testified later, but neither ever testified that on the occasion last referred to there was anything said about any railroad company, or that Goldenberg did not read the agreement to them as it was written, or that Mrs. Pring did not herself read it. This failure to substantiate the sworn statements in their pleadings as to matters peculiarly within their knowledge, by testimony, as witnesses, must weigh somewhat against them. Moore v. Crawford, *supra*. Besides, it seems almost or quite incredible, if Floersheim had, as they say, made to them the misrepresentation on the strength of which they agreed to sell their land, namely that Goldenberg wanted it for a railroad, which would use it and enhance the value of their remaining land, that they should immediately thereafter sign an agreement written by Goldenberg in their presence, in which not a word was said about a railroad, and should even allow him to go away with the agreement, without so much as speaking of a railroad.

The conclusion of the district court that the plaintiff was entitled to specific performance by the defendants

of their agreement to convey the land in question to
**1**   it, is fully sustained by the evidence in the case.

As to the award of damages to the amount of six
hundred dollars against the defendants, we find no evi-
dence to warrant a finding of so much as that sum.
**2**   There is evidence that the plaintiff had paid six hun-
dred dollars as counsel fees in the cause, and it seems
probable that the judgment of the court was based on that,
as there was no other evidence of damage to that amount;
but that cannot be said with certainty, as no findings of
fact were made or requested. The attorneys for the ap-
pellee admit however, that attorneys' fees are not re-
coverable in this case. There is, however, evidence of the
value of the use of the land for the time it had been de-
tained from the plaintiff, although not of a very clear and
definite nature. As we understand the evidence for the
plaintiff on that point, it is that the rental value of the
land, when broken, was five dollars per acre for the season,
and that it cost two dollars and fifty cents per acre to
break it. It did not clearly appear that any of the land
had been broken prior to the agreement in question.

We think, therefore, that while there is evidence to
sustain a judgment of two hundred dollars, damages, that
is, of two dollars and fifty cents per acre, for eighty acres,
one for a larger amount is not warranted.

If the appellee shall, within thirty days, here remit
four hundred dollars of the amount found as damages by
the District Court, the judgment will thereupon be affirm-
ed, otherwise it will be reversed and the cause remanded.

Associate Justice Mechem did not participate.