## THOMAS *et al.* v. ARMSTRONG.

No. 4552.   Opinion Filed September 14, 1915.

(151 Pac. 689.)

1. **REPLEVIN—Property Subject—Undivided Interest in Personalty.**   Replevin will not lie for an undivided interest in personal property which is not divisible into aliquot parts.

2. **EQUITY—Possession of Property—Remedy in Equity—Replevin.**   Where replevin is inadequate, on account of the indivisible nature of the property mortgaged, plaintiff's remedy is in equity.

3. **CHATTEL MORTGAGES—Foreclosure—Receiver—Abuse of Discretion.**   Assuming, without deciding, that the court had power to appoint a receiver under the facts in this case, yet it was an abuse of discretion to appoint a receiver for property not embraced in the mortgage.

(Syllabus by Rittenhouse, C.)

*Error from District Court, Woodward County;*
*James W. Steen, Judge.*

Action by G. B. Armstrong against B. Rowley Thomas and another.   Judgment for plaintiff, and defendants bring error.   Reversed.

*Hoover, Cowgill & Swindall* and *O. C. Wybrant,* for plaintiffs in error.

*W. A. Briggs,* for defendant in error.

Opinion of RITTENHOUSE, C.   On July 22, 1912, G. B. Armstrong instituted an action of replevin in the district court of Woodward county to recover possession of certain personal property, used in connection with the publication of the Woodward News-Bulletin, claiming the right of possession by virtue of a chattel mortgage on an undivided half interest in the plant, presses, type, stock, and outfit of said Woodward News-Bulletin, subject to two mortgages, one for $500 in favor of W. E. Bolton, and

the other for $500 in favor of Central Exchange Bank. The writ of replevin was returned "Not served," for the reason that A. M. Appelget was in possession of the property for and on behalf of Ann E. Bernard, assignee of the note and mortgage to W. E. Bolton. Demand was made on the plaintiff for an indemnity bond, which was not complied with, but instead an application was made in the replevin action for a receiver for all the property of the defendants in the state, which not only included the property embraced in the mortgage, but the undivided one-half interest not included therein. Upon this application, H. W. Patton was appointed receiver of all the property of the defendants, to hold same under the order and direction of the court, to continue the management of the paper, collect all outstanding debts, purchase supplies, replace machinery, and pay the first mortgage held by Ann E. Bernard. Motion to vacate the order appointing the receiver was overruled, and the cause brought here for review.

While this is an appeal from the order appointing a receiver and from the order refusing to vacate such appointment, yet it becomes necessary to ascertain whether replevin will lie in the first instance for the property in controversy. The mortgage was given on an undivided one-half interest in a printing plant known as the Woodward News-Bulletin, which mortgage specifically provided that the lien covered a one-half interest in the plant, presses, type, stock, and other property used therein. It is apparent that this property is of such a nature that it is impossible to divide it into aliquot parts. No one could identify and separate the undivided interest covered by the mortgage lien. The plant and presses are incapable of a division, without injury to the remaining

portion thereof. This being true, replevin will not lie. *McDonald v. Bailey,* 25 Okla. 849, 107 Pac. 523, 37 L. R. A. (N. S.) 267; *Julien et al. v. Yeoman,* 25 Okla. 448, 106 Pac. 956, 27 L. R. A. (N. S.) 618, 138 Am. St. Rep. 929; Wells on Replevin, section 154; Shinn on Replevin, section 206; Cobbey on Replevin, section 238.

It necessarily follows that the action of replevin is not adequate, and plaintiff's remedy is in equity. *Julian et al. v. Yeoman, supra.*

In deciding the remaining question, we are assuming, without deciding, that the court had power to appoint a receiver under the facts in this case. But, granting this, did it have power to appoint a receiver for all the property of the defendants within this state, when the property involved in the litigation was an undivided one-half interest? We think not. The court was without jurisdiction to appoint a receiver to take charge of property which was not involved in the litigation. 34 Cyc. 44; *State v. Union Nat. Bank et al.,* 145 Ind. 537, 44 N. E. 585, 57 Am. St. Rep. 209; *Bowman v. Hazen,* 69 Kan. 682, 77 Pac. 589; High on Receivers, sections 406, 755. Had this been a foreclosure of the lien in an equitable action, the court could only have appointed a receiver for the property embraced in the mortgage. It is said in *Wormser et al. v. Merchants' Nat. Bank et al.,* 49 Ark. 117, 4 S. W. 198:

"In this case the receiver, under orders of the court below, has in his hands property neither embraced in the plaintiff's mortgages, nor, so far as we can know, protected from the remedies of other creditors by any other contract or legal liens. The effect of the appointment of the receiver is plainly to prevent judgment creditors from levying their executions on property subject thereto,

so far as the parties are concerned. We do not think this ought to be permitted. It is only the property in litigation—in this case the mortgaged property—that should be placed in the hands of the receiver."

See, also, *Noyes v. Rich,* 52 Me. 115; High on Receivers, section 378; *Kreling v. Kreling,* 118 Cal. 421, 50 Pac. 549; *Staples v. May,* 87 Cal. 178, 25 Pac. 346; *State v. Jacksonville, etc., Ry. Co.,* 15 Fla. 201; *Smith, Receiver, v. McCullough et al.,* 104 U. S. 25, 26 L. Ed. 637.

There are numerous other reasons advanced as to why the receiver should not have been appointed; but, inasmuch as we have concluded that the action of replevin will not lie for the undivided interest in this property, and that the court abused its discretion in appointing a receiver for the property not embraced in the mortgage, we will not discuss the remaining questions.

The cause should therefore be reversed.

By the Court: It is so ordered.